IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS L. MOFFETT, II, et al. | * | |
| | * | |
|    Plaintiffs | * | |
| | * | |
| v. | * | Civil No. PJM 05-1547 |
| | * | |
| COMPUTER SCIENCES CORP., et al. | * | |
| | * | |
|    Defendants | * | |

## MEMORANDUM OPINION

### I.

Plaintiffs are Maryland residents seeking to recover damages for flood losses resulting from Hurricane Isabel that occurred in September 2003. They were insured under the National Flood Insurance Program ("NFIP"), a federally-subsidized program that provides flood insurance at or below actuarial rates. Polices under the NFIP program were issued by both the Federal Emergency Management Agency ("FEMA") and by a number of private insurers writing flood insurance under their own names. The background of the dispute is set forth in an earlier opinion of the Court. *See Moffett v. Computer Sciences Corp.*, 457 F. Supp. 2d 571 (D. Md. 2006). In an Opinion issued on July 6, 2009, the Court held that it has authority to review FEMA's decisions regarding denial of individual requests for waiver of the time to file proofs of loss under FEMA-insured or related policies; that the standard of review for denial of such waivers is the arbitrary and capricious standard; and that, limited to the Plaintiffs in this litigation, FEMA's denials of the waivers for time to file the requests were arbitrary and capricious.

Approximately 35 Motions for Summary Judgment have been filed by Defendant insurers and FEMA against the individual Plaintiffs.  The Court was prepared to address these Motions (proposing to the parties the possibility of appointing a special master to prepare reports and recommendations as to each), but then suggested to the parties that, in the interest of overall economy, it might make more sense for the Court to deny the motions without prejudice and instead certify the Court's July 6, 2009 Opinion to the Fourth Circuit so that it might determine the propriety vel non of the core holdings of that Opinion.  Defendants are essentially in agreement with that proposal (although some asked the Court to consider granting the Motions for Summary Judgment outright).  Plaintiffs oppose certification.  Having considered the matter, the Court has decided to deny the Motions for Summary Judgment without prejudice (subject to revival if the Fourth Circuit affirms this Court's holdings) and certify certain aspects of this Court's July 6, 2009 Opinion.[1]

The certified questions are these:

1. Pursuant to 42 U.S.C. § 4072, does FEMA have the authority to waive proof of loss deadlines in connection with its Flood Insurance Program?

2. If so, does a federal district have authority to review FEMA's denial of waivers of proof of loss deadline?

3. If a federal district court has such authority, is its review based on an arbitrary and capricious standard?

---

[1] In the July 6, 2009 Opinion, the Court left open the question of how it might go about addressing the several Motions for Summary Judgment.  The Court takes the position that its present decision to certify its Opinion of July 6, 2009 and deny the Motions without prejudice pending interlocutory appeal, represents a supplemental holding to the July 6, 2009 Opinion.  Accordingly, the Court believes that the certification is timely presented.  *See* 28 U.S.C. § 1292(b).

    4.    On the facts of this case, did FEMA act arbitrarily and capriciously in denying Plaintiffs' requests for waiver of the proof of loss deadline?

## II.

Under 28 U.S.C. § 1292(b), a district court judge may certify a question for interlocutory appeal where (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion"; and (3) immediate appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three elements must be satisfied for certification. *Clark Constr. Group, Inc. v. Allglass Sys., Inc.*, No. DKC 2002-1590, 2005 WL 736606, at *1 (D. Md. Mar. 30, 2005). The Fourth Circuit has made clear that interlocutory appeal "should be used sparingly and thus that its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). As a result, "the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation[.]" *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989); *see also KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250 B.R. 74, 78 (E.D. Va. 2000). For the following reasons, this Court finds that exceptional circumstances in this case justify a departure from the basic policy limiting appellate review to final judgments.

First, the Court's ruling that FEMA's decisions on waiver of proof of loss deadlines are reviewable by a federal district court on the basis of an arbitrary and capricious standard and that the proofs of loss submitted by Plaintiffs in this case to FEMA in 2008 must be deemed timely filed, are controlling questions of law that determine whether there should be any future proceedings at all with respect to Plaintiffs' claims.

Second, there is a substantial ground for difference of opinion, as reflected in the parties' briefings that led to the July 6, 2009 Opinion, by their additional briefing of the Motion for Reconsideration, and by several recent cases.  *See, e.g., Wientjes v. Am. Bankers Ins. Co. of Fla.*, 2009 WL 2391407 (5th Cir. Aug. 5, 2009); *Graham v. State Farm Fire & Cas. Co.*, 2009 WL 3082055 at *3 (E.D. La. Sept. 23, 2009); *Pichon v. Nat'l Flood Ins. Program*, 2009 WL 3353086 at *3 (E.D. La. Oct. 16, 2009).

Finally, resolution of this issue will materially advance the ultimate termination of the litigation.  With over 35 motions for summary judgment pending, the Court has contemplated appointing a special master to rule upon the pending Motions for Summary Judgment.  The Court has estimated that each motion will take 2-3 hours to decide.  Thus, whether a special master is engaged or whether the Court decides the Motions itself, such an undertaking would become unnecessary if the core holdings of the Court's July 6, 2009 Opinion are rejected.

Accordingly, because all the requirements of 28 U.S.C. § 1292(b) have been met, the Courts concludes that certification of the core holdings of the Court's July 6, 2009 Opinion would be appropriate.

A separate Order will issue.

                                        /s/
                        **PETER J. MESSITTE**
**January 20, 2010**          **UNITED STATES DISTRICT JUDGE**