# NIELSEN LAW FIRM, L.L.C.

GERALD J. NIELSEN

JOHN D. CARTER
WILLIAM T. TREAS
KIM TRAN BRITT
JOSEPH J. AGUDA JR.
ALLEN D. KINCANNON
CHRISTOPHER J. BELL
MICHAEL D. BREININ

3838 NORTH CAUSEWAY BOULEVARD
SUITE 2850
METAIRIE, LOUISIANA 70002
PHONE (504) 837-2500
FAX (504) 832-9165
E-MAIL: GJNielsen@aol.com

JASON M. VERDIGETS
KRISTIE LUKE MOUNEY
KEITH M. DETWEILER

*Of Counsel*
FRANZ L. ZIBILICH
DEANI BEARD MILANO

May 6, 2010

VIA ECF FILING

The Honorable Peter J. Messitte
Judge of the United States District Court
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:    *Thomas L. Moffett, II, et al. v. Computer Sciences Corporation, et al.*
              Civil Action No.: PJM-05-1547

Dear Judge Messitte:

    This is sent on behalf of my clients[1] in response to your letter dated April 16, 2010.

    As a predicate to further proceedings, we believe it important to recognize at this point in these proceedings that it would be exceedingly difficult for my clients to contribute anything beyond so called minimal cost of defense funds towards a settlement of this case. Absent voluntary dismissal by the plaintiffs, any genuine recovery by them in this matter would have to be as a result of completion of formal discovery and litigation processes. We say this because we hope that the impending conference will be used to schedule normal civil pretrial and trial procedures, not more efforts towards informal resolution that is no longer likely.

    My clients believe this situation exists for two main reasons:

    First, plaintiffs have produced little or no relevant documentation showing that their covered repair costs exceeded what they were long ago paid on their flood policies. Whenever plaintiffs' counsel is pressed for this documentation, he invariably vacillates between asserting that the Court has ruled that

---

[1] American Bankers Insurance Company of Florida, American Reliable Insurance Company, Fidelity National Property Casualty Insurance Company, Harleysville Mutual Insurance Company, Hartford Fire Insurance Company, Liberty Mutual Fire Insurance Company, Omaha Property & Casualty Insurance Company, Selective Insurance Company of the Southeast, USAA General Indemnity Company, Westfield Insurance Company, and Windsor-Mt. Joy Mutual Insurance Company.

The Honorable Peter J. Messitte
May 6, 2010
Page 2

he need not provide it yet, or asserting that it has already been provided. Right now, as FEMA stated in response to the waiver requests, no such documentation has ever been produced.

As counsel for the plaintiffs will no doubt remind the Court, I did say (several years ago) that cases of this type normally settle. However, as I also explained, that occurs when counsel for the plaintiff eschews hardball litigation tactics, and cooperates early in a case to produce documentation that supports the claim for additional federal dollars. We can discuss these points in more detail at the conference if the Court directs. However, my clients believe Plaintiffs are now stuck on a path they been running down for all the years this case has been pending.

Second, this Court's decision regarding waivers must be afforded appellate review. My clients need to know if the courts are indeed empowered to in effect, overrule FEMA's decisions on waiver requests. Given that the Solicitor General of the United States personally signed off on all of our efforts to ask the Fourth Circuit to review the critical questions you agreed to certify, my clients believe it is most unlikely that this case can be settled without first having those important governmental questions reviewed.

In this light, my clients offer the following suggestions as to how the Court might direct future proceedings in this matter:

1. We initially request that any unnecessary parties be dismissed at this time. Defendant USAA filed a Motion to Dismiss on April 2, 2008 that has never been ruled upon. (Doc. 310) USAA asks that its motion be taken up and resolved at the conference.

2. Would the Court consider directing the plaintiff to replead? This could avoid a second round of Rule 12 motions centered on the question of how the current pleading states a claim that the private defendants breached the contract. It would also address the problem that the current pleading does not give "fair notice" of what the plaintiffs are seeking. (We believe they have now admitted that their preflood condition argument was based on a statutory scheme that was never enacted.) If this were done, then the defendants could presumably file answers and the case could proceed to discovery with meaningful operative pleadings.

3. Would the court set a schedule for simple but phased discovery? We propose setting a timeframe for completing a first round of written discovery, followed by depositions. Depositions needed by defendants would be of the property owners, of the persons who prepared the repair estimates, and most important, the persons who actually did the work. Engineering depositions may be necessary depending on what each individual claims.

4. Finally, could we discuss the issue of severance. There are pros and cons to both sides to this issue. However, there seem very few common issues left.

Thank you in advance for your consideration of these suggestions.

Respectfully submitted,

*/s/ Gerald J. Nielsen*

Gerald J. Nielsen

GJN/mec
cc: All Counsel of Record

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2010, a copy of the foregoing letter was served upon all counsel of record by utilizing the Court's CM/ECF system.

*/s/ Gerald J. Nielsen*