U.S. Department of Justice

United States Attorney
District of Maryland
Northern Division

*Rod J. Rosenstein*
*United States Attorney*

*Jamie M. Bennett*
*Assistant United States Attorney*

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

410-209-4800
TTY/TDD:410-962-4462
410-209-4838
FAX 410-962-2310
*Jamie.Bennett@usdoj.gov*

May 6, 2010

The Honorable Peter J. Messitte
United States District Judge
District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

    Re:    *Thomas L. Moffett, II, et al. v. Computer Sciences Corporation, et al.*
              Civil Action No. PJM-05-1547

Dear Judge Messitte:

I am responding to your April 16, 2010 request to provide any comments and concerns regarding issues to be resolved at the June 30, 2010 hearing in the above referenced matter on behalf of the Federal Emergency Management Agency ("FEMA"), and the following Defendants: Allstate Insurance Company, The Standard Fire Insurance Company, Nationwide Mutual Fire Insurance Company, and State Farm Fire and Casualty Company.

On July 6, 2009, this Court held that requests for individual waivers submitted by Plaintiffs herein were subject to judicial review under 42 U.S.C. § 4072.[1] The Court applied an Administrative Procedures Act ("APA") standard of review, held that FEMA's denial of the waiver requests was arbitrary and capricious, and therefore found that all of Plaintiffs' supplemental Proofs of Loss ("POL") should be deemed timely filed. This Court specifically did not decide, however, that any of Plaintiffs' supplemental POLs entitled any Plaintiff to additional payment under their Standard Flood Insurance Policy ("SFIP"). That determination was left for another day.

There appears to be two ways to read your Honor's July 6, 2009 ruling. It could be read, as Mr. Nielsen does, to contemplate that the next step in determining whether individual Plaintiffs are entitled to additional payments under their SFIPs is to engage in discovery. On the other hand, it could be read to contemplate an APA-type review of FEMA's denials of the request for waivers on other than timeliness grounds, *i.e.* whether the proofs presented costs covered by the SFIPs.

---

[1] Defendants do not waive their objections to the July 6, 2009 Order and reserve the right to seek review of the Order at the completion of this stage of litigation.

Page 2
May 6, 2010

If the Court intended by its July 6, 2009 ruling such an APA-type review, it would seem that the next logical step would be to appoint a Special Master to review the Plaintiffs' supplemental POLs to determine whether FEMA's denials of the waiver requests for reasons other than timeliness were arbitrary and capricious. Under that scenario, consistent with APA principles, FEMA would be the party for this stage of review and would provide the Special Master with an administrative record for each determination, together with appropriate supporting declarations explaining the Agency determinations. The Special Master would then recommend to this Court whether FEMA's denial of an individual Plaintiff's request was arbitrary or capricious.

If FEMA's actions are found to have been arbitrary and capricious with regard to any individual Plaintiff, the Special Master would then recommend to this Court that FEMA's waiver denial be remanded to FEMA for an appropriate reconsideration, which could include FEMA requesting the appropriate defendant to adjust the claim and make a recommendation on whether additional payment is warranted. If FEMA's actions are found NOT to have been arbitrary and capricious for any individual Plaintiff, then the Court can re-instate the Summary Judgment Motion and dismiss that Plaintiff from the lawsuit. If Plaintiffs identified for the Court losses in a prior timely Proof of Loss that was not fully paid, the appropriate Defendant should be reengaged for further discovery and those claims can be reviewed by this Court.

FEMA and the other Defendants on whose behalf it is submitting this letter will come to the June 30 hearing prepared to discuss both alternative approaches.

    Respectfully submitted,
    Rod J. Rosenstein

    United States Attorney


    _____/s/_____
    Jamie M. Bennett
    Assistant United States Attorney