# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| THOMAS L. MOFFETT, II, et al. | * | |
| | * | |
| Plaintiffs | * | |
| | * | |
| v. | * | Civil No. PJM 05-1547 |
| | * | |
| COMPUTER SCIENCES | * | |
| CORPORATION, et al. | * | |
| | * | |
| Defendants | * | |

## MEMORANDUM OPINION

[*OPINION WITH RESPECT TO PLAINTIFFS' MOTION TO STRIKE ADDITIONAL RECORD AND TO FIND FEMA'S REVIEW ARBITRARY AND CAPRICIOUS AS A MATTER OF LAW.*]

This case is now at the stage where the Court-appointed Special Master has reviewed the claims of the first ten households that assert, following the Court's Order, that their waiver claims should be paid. All the households submit that FEMA's denial of their claims was arbitrary and capricious.[1]

Based on FEMA's Motions for Summary Judgment, the Master has issued a Report and Recommendation as to each household. He has found that in nine of the ten cases FEMA's review was not arbitrary and capricious and accordingly has recommended that

---

[1] Plaintiffs also refer to FEMA's actions as an "abuse of discretion." For present purposes, the Court treats the terms "arbitrary and capricious" and "abuse of discretion" as substantially equivalent.

partial summary judgment be granted in favor of FEMA and that Plaintiffs' Cross-Motions for Summary Judgment be denied.

The Court will address the validity of the Master's Reports as to the individual households in a separate Opinion. For now, certain overarching issues require immediate attention since they will have an impact on the Court's eventual review of the Master's individual Reports, and, in any case, because Plaintiffs have filed generic motions with respect to those issues.[2]

First is Plaintiffs' common contention that, in defiance of the Court's direction, FEMA has submitted as part of the "true and correct record" documents that were not previously of record, as a result of which FEMA was not entitled to rely on these documents in reviewing Plaintiffs' waiver claims. This objection has taken the form of a Renewed Motion to Strike the Bates-Stamped Documents Accompanying FEMA's September 15, 2010 Motions for Summary Judgment [Document No. 581]. Alternatively, Plaintiffs collectively argue that, even if the administrative record FEMA has presented is accepted, FEMA has still failed to demonstrate that it undertook an appropriate review of their claims, such that it cannot be determined whether FEMA's actions were arbitrary and capricious and that discovery must therefore be taken in the matter. This argument is set forth in Plaintiffs'

---

[2] The Master, quite properly, took the position that it was for the Court to decide Plaintiffs' Motion to Strike FEMA's additions to the administrative record, but assumed for purposes of his rulings on Defendants' Motions for Partial Summary Judgment that the record submitted by FEMA would be admissible, *i.e.* that the Motion to Strike would be denied which, for reasons set out *infra*, it is.

Motion In the Event the Renewed Motion to Strike is Denied [Document No. 582]. FEMA has filed an appropriate response to these Motions.[3]

For the reasons that follow, both Motions will be DENIED.

As to the Motion to Strike, Plaintiffs complain that the submitted documents comprise "thousands of new pages ... without any organization whatever," and that, in general, FEMA has failed to prove, consistent with the Court's directive, that it in fact relied on these documents at the time of reviewing (and denying nearly all of) Plaintiffs' claims.[4]

FEMA responds that Plaintiffs have offered no evidence at all to support the claim that the administrative records it relied upon "do not represent the information FEMA considered when it made its determination on the individual waiver applications."

The Court agrees with FEMA.

As the Master points out in his Memorandum on the Role of Special Master [Document No. 563], in speaking of review of administrative agency decisions in general, a presumption of validity attaches to agency action, which will only be overturned if those contesting the agency action can demonstrate that the action was arbitrary and capricious. *See Natural Resources Defense Council v. EPA*, 16 F.3d 1395, 1400 (4th Cir. 1993).

---

[3] The Court refers to FEMA's response to the original Motion to Strike. That response is Paper No. 525.

[4] The other generic reasons Plaintiffs give for striking the record go more to the issue of whether FEMA's overall review, as opposed to its review of individual cases, was "arbitrary and capricious."

Plaintiffs have not done so and their Motion to Strike therefore fails for lack of evidence.

Plaintiffs' generic Motion to find FEMA's review of the claims arbitrary and capricious also fails. Here, too, based on the authority just cited, Plaintiffs have the burden of proof and they must do more than speculate about what FEMA did or did not do.

Plaintiffs simply ask: What does it mean when Karen Christian of FEMA speaks of "processing" Plaintiffs' files? What are the identities of the independent examiner or examiners who reviewed the files? How can one trust FEMA when it sent waiver denial letters to four households that never even requested waivers?

The emptiness of these "arguments" is evident from the relief that Plaintiffs seek in connection with them – a stay of the proceedings so they can depose Karen Christian, learn the identity and depose the examiner or examiners who conducted the reviews and then have leave to submit supplemental memoranda, so they can argue a renewed motion to strike the enhanced administrative record. This request is tossed off without the slightest citation to authority, which is not surprising because granting it would be unprecedented.

There is no evidence that FEMA, generically speaking, acted arbitrarily and capriciously in reviewing the Plaintiffs' claims. Whether that is so with respect to the individualized claims of Plaintiffs will be considered in a separate Opinion.

An Order will issue consistent with this Opinion.

**February 17, 2011**                              /s/
                                        **PETER J. MESSITTE**
                              **UNITED STATES DISTRICT JUDGE**