IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Southern Division

THOMAS L. MOFFETT, II, ET AL.

    Plaintiffs,                                                    Civil Action No. 8:05-CV-01547

v.

COMPUTER SCIENCES CORPORATION,
ET AL.

    Defendants.

_____

Report and Recommendation Concerning
<u>The Waiver Claim of Gerald Fenton</u>

This constitutes the Report and Recommendation to the Court concerning the claim of Gerald Fenton pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing the report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided to the Special Master in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the court filings in this case. The Special Master was also provided by computer disc the "appropriate documents of record" as specified in Part 1.a of the Memorandum Order. In this case, the documents consists of 314 pages labeled FEMA-000001 to 000314.

## I. Background

Plaintiff's property located at 5648 Battee Drive, Churchton, Maryland was insured by Windsor, a participating Write Your Own Company under the National Flood Insurance Program, under policy number 2-6166-0217-0 with a coverage limit of $70,000.00 for his building subject to a $1,000 deductible. FEMA-000005.

On September 18, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiff's home. See FEMA-000307.

On September 22, 2003, Plaintiff notified Windsor that his home was damaged by Hurricane Isabel. Id. Windsor sent an adjuster to inspect Plaintiff's home. Id.

On February 10, 2004, Plaintiff submitted a Proof of Loss for building damages in the amount of $51,013.88. See FEMA-0000021. Windsor paid Plaintiff the full amount in a single check in the amount of $51,013.88. See FEMA-000022.

Plaintiff did not file any subsequent Proof of Loss for compensation under the building coverage provision of his Stand Flood Insurance Policy ("SFIP"). Plaintiff never requested additional compensation for damages to his building until he submitted his waiver application and requested policy limits. See FEMA-000005.

On November 13, 2003, Plaintiff submitted a letter that appears to request compensation under the Increased Cost of Compliance Coverage offered under the SFIP (Article D Coverage). See FEMA-000296.

On January 15, 2004, Windsor notified Plaintiff that his request for Increased Cost of Compliance Coverage was denied because Plaintiff's property was already in compliance with the Anne Arundel County requirements to elevate and there was no

evidence that Plaintiff had to elevate beyond the existing requirement. See FEMA-000185. Plaintiff was asked to provide a copy of the local ordinance to show additional elevation was required. Id. Plaintiff forwarded an email dated May 14, 2004 from Jay Leshinske that stated any new structure would have to be elevated one foot above the base flood elevation. See FEMA-000179. The email failed to identify or provide a copy of the local ordinance.

Plaintiff requested review by the Hurricane Isabel Task Force ("Task Force"). On June 9, 2004, the Task Force again informed Plaintiff that if he wanted compensation under the Increased Cost of Compliance Coverage provision of his SFIP, he needed to provide a copy of the local ordinance requiring additional elevation. See FEMA-000137. Plaintiff did not follow up and submit additional documentation at that time.

**II. Waiver Claim and Denial**

On February 25, 2008, Plaintiffs submitted to FEMA a request to pay them an additional $17,986.12 for building damages and $30,000 under the Increased Cost of Compliance. Plaintiffs' waiver submission with the attachments supporting it are in the record at FEMA 00001 to 000132. FEMA denied the waiver claim request in a letter dated July 31, 2008. See FEMA-000133 through FEMA-000134.

**III. Reasons for Waiver Denial**

The reasons for the denial of the waiver claim are found at paragraphs 12 to 17 in the Supplemental Declaration of Karen Christian with Respect to the Claim of Gerald Fenton (Document 502-2). It states:

*On February 25, 2008, Plaintiff submitted an application for a waiver. The waiver application failed to identify any provision of his SFIP he desired waived. See FEMA-000001 through FEMA-000009. The waiver application simply requested that FEMA compensate Plaintiff an additional $17,986.12 for his building damages and $30,000.00 under the Increased Cost of Compliance provision of his SFIP. See FEMA-000005.*

*On July 31, 2008, FEMA denied Plaintiff's waiver application and provided him with the following explanation:*

*You claim your damages necessitated the demolition of your dwelling and elevation of the lowest floor as a result of the flooding. To support the amount claimed, you provided a Substantial Damage Letter from your community but no other information. FEMA requested that you provide a copy of the local ordinance to support your claim that the structure must be elevated. To date, FEMA has not received any such documentation. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force. All reviews of your claim concluded your claim evaluation was accurate.*

*Further, your waiver request resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.*

*Windsor's estimate and subsequent Task Force review were based on covered direct physical damages by or from flood in accordance with the SFIP. See 44 CFR § 61, App. A(1) at Section II( B)(12). The SFIP only allows for replacement of materials with like kind and quality of existing materials. Id. at Section VII(K)(3)(a).*

*There is no evidence of any uncompensated damages under Plaintiff's building coverage. The fact Plaintiff incurred additional expenses upgrading and rebuilding his home, does not entitle him to additional compensation. The SFIP only provides compensation for direct physical loss caused by or from flooding and does not compensate for any upgrades. Plaintiff was compensated in full for his building loss and Plaintiff did not question that compensation until the submission of his waiver application.*

*On numerous occasions Plaintiff was asked to provide a copy of the local ordinance to substantiate his Increased Cost of Complaisance claim. It is a policy holder's burden to establish their claim. See 44 CFR § 61, App. A(1) at Section VII(J). Plaintiff never provided the requested documentation. First, Plaintiff was not entitled to any Increased Cost of Compliance compensation because his building was already in compliance with the County requirement. Second, there is no evidence in the claims file that Plaintiff ever submitted a supplemental Proof of Loss requesting compensation under the Increased Cost of Compliance provision of his SFIP.*

*Accordingly, on July 31, 2008, after a comprehensive review of the claim, Plaintiff's waiver application was denied because it was untimely, and because Plaintiff had not shown in his waiver application that he was entitled to further compensation under his policy. See FEMA-000133 through FEMA-000134.*

**IV. Plaintiff's Assertions**

Plaintiff's asserts that it was arbitrary and capricious for FEMA to deny his claim under the ICC portion of the SFIP for elevation of his home. See Opposition (Document 562) at pages 6 to 7. Plaintiff also seeks additional payment under Coverage A of his SFIP. Defendants concede now that the ICC portion of the claim will be paid if Plaintiff provides some additional documentation. The Special Master will thus recommend that this part of the claim, if not fully settled before an order is signed by this court, be remanded to FEMA for a redetermination on the waiver claim as it pertains to ICC coverage which will allow FEMA to either grant that portion of the claim or make a determination as to why the claim is still denied which would be subject to further judicial review under the Court's earlier rulings.

Plaintiff also contests the denial of Coverage A for the dwelling. Plaintiff agrees that Mr. Fenton submitted a POL in the amount of $51,013.88 for damage covered under Coverage A on February 10, 2004 (see FEMA 000021) and that this amount was paid on April 5, 2004 (FEMA 000022). Plaintiff however did file with his waiver claim another claim under Coverage A for policy limits or $17,986.12. Plaintiff asserts that the shortfall is well documented in the POL documents filed on February 25, 2008 in that he submitted proof of all costs associated with the replacement of his home. Id at page 7. Mr. Fenton states his position on the denial of the Coverage A claim on page 8 of the Plaintiff's Opposition:

Mr. Fenton expected FEMA to act in good faith and perform a complete review of the February 25, 2008 POL. This did not occur. Mr. Fenton possesses color photographs of the damage to his home from Tropical Storm Isabel, the repair work done and the work done related to his ICC claim. In his February 28, 2008 waiver application (see FEMA 000006), Mr. Fenton invited FEMA to inspect these photographs. FEMA ignored the invitation. FEMA asserts that the Plaintiff failed to meet the criteria used to determine whether to grant a waiver. To the contrary, he met all of them. He provided a Shortfall Itemization, which depicted, line by line, information identifying the items of flood damage and the costs to rectify the damage; he listed only items damaged by the flood. (see FEMA 000005 and 000026-098).

**V. Special Master's Analysis**

The Special Master is aided in making his recommendations by the rulings made by the U.S. District Court in Memorandum Opinions after the submissions of the Special Master's Reports and Recommendations on Group 1. These are the Memorandum

Opinion with Respect to Plaintiffs' Motion to Strike Additional Record and to Find FEMA's Review Arbitrary and Capricious as a Matter of Law (Document 594), the Memorandum Opinion with Respect to Plaintiffs' Generic Objections to the Reports and Recommendations of the Special Master (Document 596) and the Memorandum Opinion on Summary Judgment as to Claims of Group 1 Householders (Document 597). These rulings resolve various issues raised by the Plaintiffs including this Plaintiff. The Special Master does not believe that issues resolved by the District Court's memorandum opinions need to be discussed in any detail unless they present issues that are different than those already ruled on by the District Court.

Defendants concede in their Reply that the ICC portion of the claim will be paid if Plaintiff provides some additional documentation. FEMA agrees that it may be able to provide more financial assistance under the SIFP than has been done up to this point. FEMA has conceded that it will now pay the ICC claim if certain documentation is submitted. In its Reply, FEMA states the following:

Plaintiff discusses a recent contact by his insurer to support his claim, which was an attempt to settle this matter. See Plaintiff's Opposition, Doc. No. 562 at 7. FEMA believes its determination was not arbitrary, capricious or contrary to law and Plaintiff was required to submit the requested local ordinance to receive compensation. Nevertheless, FEMA will authorize the waiver of the time requirement to submit a Proof of Loss solely for the Increased Cost of Compliance portion of his claim if Plaintiff provides an actual signed and sworn Proof of Loss seeking the specific amount actually spent to complete the mitigation activity, up to the policy limit of $30,000.00. In order for FEMA to grant the waiver, Plaintiff must include evidence documenting the work was completed within two years of the date of loss as required under 44 CFR § 61, App. A(1) at Section III(D)(5)(e)(2) along with photos, receipts, invoices, a Certificate of Occupancy from the Community, and a letter from the Community that his property is now in compliance with their floodplain management ordinance. Repair estimates are insufficient to prove the work was actually completed. Plaintiff claims the documentation has been with his Write Your Own Company since the application for the waiver was served on February 25, 2008. Id. FEMA-000001 through FEMA-000132

does not contain any evidence to support payment of Plaintiff's Increased Cost of Compliance claim other than he met the substantial damage requirement.

Given this concession, it is the recommendation of the Special Master that the portion of the waiver claim pertaining to the claim for ICC coverage be remanded to FEMA for a redetermination of that portion of the claim on the assumption that Plaintiff will promptly supply the missing documentation and that the Plaintiff be allowed to seek further judicial review under the standards set by the court should FEMA again deny this portion of the waiver claim.

As to the claim for Coverage A dwelling costs, the Special Master agrees with FEMA that Plaintiff's Shortfall Itemization is not specific enough to show coverage under Part A. There was approximately two inches of flood water that entered the dwelling. Over $51,000 has already been paid to cover the damage. Plaintiff's waiver application does not make any showing of how the exclusions found with the SFIP including limiting compensation to like kind and quality or paying only for direct physical loss caused by a flood are met by the submission.

It appears that Plaintiff expected FEMA to sit down with him in the waiver process and ask for photos and more information to establish his claim. In the Special Master's view it was incumbent on the Plaintiff to submit with the waiver application clear evidence of coverage that showed entitlement under the SFIP. FEMA was not obligated to engage in further process before deciding the waiver claim.

As to the Coverage A claim, the Special Master concludes that FEMA denial of that portion of the waiver claim was neither arbitrary, capricious or an abuse of discretion. As to that portion of the claim summary judgment should be granted by the court.

In the final part of its opposition at pages 8 to 13 , Plaintiff reiterates the points raised by all the Plaintiffs about the quality of the review performed by FEMA on the waiver requests and whether FEMA complied with the court's directions about the preparation of the record and the submissions to be made for this process. These issues have been dealt with in the U.S. District Court's Memorandum Opinions and there is nothing unique to Plaintiff's assertions that require further discussion by the Special Master.

**VI. Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination on Plaintiff's waiver application be granted as to Plaintiff's claim for dwelling coverage under Part A of the SFIP and it is further recommended that Defendants' Motion for Partial Summary Judgment as to Plaintiff's ICC claim be denied and it is further recommended that the

court remand Plaintiff's waiver claim for ICC coverage to FEMA for a redetermination consistent with its concessions before this court and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

Date: March 11, 2011            _____/s/_____
                                                           Dennis M. Sweeney
                                                           Special Master