IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

THOMAS L. MOFFETT, II, ET AL.

   Plaintiffs,            Civil Action No. 8:05-CV-01547

v.

COMPUTER SCIENCES CORPORATION,
ET AL.

   Defendants.

_____

Report and Recommendation Concerning
 The Waiver Claim of Marion Gagnon


This constitutes the Report and Recommendation to the Court concerning the claim of Marion Gagnon pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing the report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided to the Special Master in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the court filings in this case. The Special Master was also provided by computer disc the "appropriate documents of record" as specified in Part 1.a of the Memorandum Order. In this case, the documents consists of 289 pages labeled FEMA-000001 to 000289.

1

**I. Background:**

Plaintiff's property located at 21642 Jackson Point, Tilghman Island, Maryland was insured by American, a participating Write Your Own Company under the National Flood Insurance Program, under policy number 202114430000 with a coverage limit of $246,300.00 for her building and $76,200.00 for her contents with each subject to a $500.00 deductible. Supplemental Declaration of Karen Christian for the Claim of Marion Gagnon (Document 506-2) at ¶ 7.

On September 18, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiff's home. Id at ¶8.

On September 22, 2003, after Plaintiff notified American that her home was damaged by Hurricane Isabel, American inspected Plaintiff's home. See FEMA-000175.

On January 9, 2004, Plaintiff submitted her Proof of Loss for building damages and contents coverage in the amount of $200,495.98. See FEMA-000204 and Doc. No. 317-2.

Plaintiff's waiver application states American paid her $149,698.00 under the building coverage of her policy and $66,547.52 under the contents coverage of her policy for a total amount of $216,245.63. See FEMA-000005. This amount exceeded the amount Plaintiff requested in her Proof of Loss. See FEMA-000204 and Doc. No. 317-2

Plaintiff did not submit any further Proofs of Loss to American or FEMA. See FEMA-000107 through FEMA-000108.

On May 14, 2004, Plaintiff asked the Hurricane Isabel Task Force ("Task Force") to review her flood claim because she believed she was denied coverage for damage to her contents located in her garage and for damage to her pool house. See

FEMA-000126. Plaintiff also wanted compensation to cover the cost of repairing her home that she claimed exceeded the adjuster's estimate. Id.

On December 27, 2004, Plaintiff wrote a letter to American advising them that FEMA denied her request for Recoverable Depreciation under her flood policy because her property was under-insured. See FEMA-000018. In her correspondence, Plaintiff stated that FEMA told her she was not entitled to recoverable depreciation for flood damage to her $1.4 million dollar home because she had only $246,300.00 in building coverage instead of $250,000.00, the maximum building coverage allowed. Id., see also, FEMA-000097. Plaintiff also claimed that American failed to advise her that she needed additional flood coverage for her detached pool house. See FEMA-000018.

In January 2005, American sent a letter to Plaintiff documenting she had indeed been given notice that her home was under-insured in 2001, but she failed to take steps to acquire adequate flood insurance. See FEMA-000014 through FEMA-000017.

Members of the Task Force personally spoke to Plaintiff in May 2004. See FEMA-000126. On July 12, 2004, the Task Force informed her in writing that she was not entitled to additional compensation on her flood claim. Id. Plaintiff was told that she was not entitled to additional compensation under her flood policy because: 1) her home had been substantially improved which created a post-Flood Insurance Rate Map improvement making her attached garage ineligible for coverage; 2) the pool house which was not attached to her home was not covered by her flood policy; and 3) because of an adjuster error, Plaintiff was overpaid $80,000 for items that were outside the scope of her existing flood policy. Id.

**II. Waiver Claim and Denial**

On February 25,2008, Plaintiff submitted an application for a waiver. FEMA-000001 to FEMA -000009   In her waiver application, Plaintiff requested an additional $56,509.25 on her building claim and $9,152.48 on her contents claim.  On July 31, 2008, FEMA denied Plaintiff's waiver claim. See FEMA -000107 to FEMA-000108           .

**III. Reasons for Waiver Denial**

The reasons for the denial are provided in paragraphs 14 to 22 of the Supplemental Declaration of Karen Christian with Respect to the Claim of Marion Gagnon (Document 506-2). They are:

*On February 25, 2008, Plaintiff submitted an application for a waiver.  The waiver application failed to identify any provision of her SFIP she desired waived.  See FEMA-000001 through FEMA-000009.  The waiver application simply requested that fFEMA compensate Plaintiff an additional $56,509.25 on her building claim and $9,152.48 for her contents claim.  See FEMA-000005.  As noted above, Plaintiff was previously paid in excess of the amount requested on her only Proof of Loss and FEMA*

*informed Plaintiff that she was overpaid by $80,000.00 on the claim. See FEMA-000204, FEMA-000126, and Doc. No, 317-2.*

*Plaintiff's waiver application included invoices and receipts without any explanation of how they related to items covered under her flood policy. See FEMA-000107 through FEMA-000108. On July 31, 2008, FEMA denied Plaintiff's waiver request and provided her with the following explanation:*

*Based upon the review of your waiver request, I have determined there are no additional items are eligible for payment under your policy and no further payment is due to you. It has been over four years since the deadline to submit a POL expired and you have not provided a reasonable explanation for the delay in submitting a timely POL. In addition you have not demonstrated additional covered damage exists for which you have not been paid.*

*Specifically, you claim your flood damages necessitated repairs in excess of the amount paid by your Write Your Own Company, American Bankers Insurance Company. To support the amount claimed you provided documentation associated with incurred expenses in the form of cancelled checks. However the checks do not identify what repairs were made. Without specific details it is impossible to determine if the incurred expenses were for covered damages. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force. You were notified by the Hurricane Isabel Task Force of an overpayment in the amount of $80,000 due to payment of non-covered items in a post-FIRM elevated building. They advised you no additional payment could be considered as a result of the overpayment.*

*Further, your waiver request resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original decision.*

*Accordingly, your request for a waiver of the time period within which to file a POL is denied.*
*See FEMA-000107-000108.*

*In the waiver decision, FEMA informed Plaintiff that her claim received another comprehensive review as a result of her waiver application by a FEMA Insurance Examiner and no additional uncompensated damages covered under her SFIP were found. Id.*
*In other words, Plaintiff's claim was reviewed in detail by different reviewers on multiple occasions. There was no evidence of uncompensated physical loss by or from flooding. Instead, there was evidence that Plaintiff was overpaid $80,000.00 for items not covered by her SFIP.*
*In her waiver application, Plaintiff failed to provide any line item documentation identifying any uncompensated damage caused by the flood. See FEMA-000001 through FEMA-000009.*
*American's estimate and the subsequent Task Force review was based on covered direct physical damages by or from flood in accordance with the SFIP. See 44 CFR §*

*61, App. A (1) at Section II (B) (12). The SFIP only allows for replacement of materials with like kind and quality of existing materials. Id. at Section VII (K) (3) (a). American and the Hurricane Isabel Task Force thoroughly reviewed Plaintiff's claim. After the waiver application was submitted, a FEMA claims examiner completed an additional comprehensive review of the claim and found no basis for additional compensation. See FEMA-000107 through FEMA-000108.*

*Plaintiff's waiver application does not meet the criteria for approval. First, she failed to demonstrate any additional damages she sought were actually covered by her SFIP. Under the terms of her SFIP, her pool house was not a covered item under the flood policy for her home. See, 44 C.F.R. Pt. 61, App. A (1) Section III (A) (3). Second, she did not submit any documentation explaining how the alleged additional uncompensated items were covered under her SFIP. Third, she did not file a Proof of Loss seeking additional damages on her flood claim as required by her flood policy. Fourth, Plaintiff was actually overpaid $80,000.00 on her Hurricane Isabel related flood claim. Accordingly, on July 31, 2008, after a comprehensive review of the claim, Plaintiff's waiver application was denied because it was untimely, and because Plaintiff had not shown in her waiver application that she was entitled to further compensation under her flood policy. Id.*

### IV. Plaintiff's Assertions

Plaintiff asserts that her claim is for $65,661.73. See Plaintiff's Opposition at page 11. She seeks the entry of an order for summary judgment for that amount. It is made up of

$56,509.25 for the "Structure Shortfall" and $9,152.48 for "Contents Shortfall". See FEMA-000028. Plaintiff disagrees with FEMA's determination that her attached garage was not entitled to coverage, that her pool house building was not covered by the flood policy and further argues that FEMA's determination that she was overpaid $80,000 for items outside of the policy due to an adjuster's error was not correct. Plaintiff's Opposition (Doc. #560) pages 5 to 6.

Plaintiff disagrees with FEMA assertions that her application for waiver was too vague and not detailed enough. Id at 6.  She also notes that she invited FEMA to review pictures she had which they did not  do in the review process. Id at 7. She also asserts that her Shortfall Itemization was more than sufficient for FEMA's review purposes and she notes that FEMA has not stated specifically what items are not covered under the SFIP.

**V. Special Master's Analysis**

The Special Master is aided in making his recommendations by the rulings made by the U.S. District Court in Memorandum Opinions after the submissions of the Special Master's Reports and Recommendations on Group 1. These are the Memorandum Opinion with Respect to Plaintiffs' Motion to Strike Additional Record and to Find FEMA's Review Arbitrary and Capricious as a Matter of Law (Document 594), the Memorandum Opinion with Respect to Plaintiffs' Generic Objections to the Reports and Recommendations of the Special Master (Document 596) and the Memorandum

Opinion on Summary Judgment as to Claims of Group 1 Householders (Document 597). These rulings resolve various issues raised by the Plaintiffs including this Plaintiff. The Special Master does not believe that issues resolved by the District Court's memorandum opinions need to be discussed in any detail unless they present issues that are different than those already ruled on by the District Court.

Plaintiff disagrees with FEMA's determinations about the garage and the pool house and believes they should have been treated as structures for which there was full coverage under the SFIP.

The Task Force concluded that Plaintiff had in fact been overpaid by $80,000.00 on her claim for this flood due to errors made by the adjuster. See FEMA-000126.

FEMA's determinations are documented in the files of the Isabel Claim Review at FEMA-000125 and 000126 where Richard Woodward the FEMA Task force Examiner noted that he had reviewed the claim because it was claimed that:

Insured was denied garage contents and coverage of second structure on property. Also Structural Damage was greater than original estimate and overall costs to repair damage was greater than adjuster's estimate

Mr. Woodward personally inspected the property on June 30,2004 with Ms.Gagnon present. The resolution is described in his report as follows by Mr. Woodward:

Spoke and met with the insured. The dwelling was substantially improved creating a post FIRM elevated building. Therefore the attached garage was not covered. The second structure is not connected to the Main House, rendering it non-covered. The insured was paid over $80,000 for items outside the scope of the policy. Spoke to the insured and explained that the over payment precluded any farther (sic) payment. The insured understands, but is less than pleased with the outcome.

The overpaid items are listed at FEMA 000132 and they amount to $85,010.97.

9

Plaintiffs arguments in her Opposition at page 6 for why the pool house should be considered as connected to the main house by "an elevated walkway" are creative but they are not persuasive. Plaintiff's reference to the diagram at FEMA 000158 and the photographs at FEMA 000268 to 000269 do not support her position that there is an elevated walkway within the meaning of the SFIP and indeed seem to support FEMA's determination that the pool house was not covered by the SFIP. In any event, FEMA correctly notes that the argument about elevation of a walkway was not even made in the waiver application and was not presented until the Plaintiff's Opposition was filed.

If the pool house is not covered by the SFIP then additional funds would not be due and the overpayment of more than $85,000.00 would be correct. FEMA has indicated that it will not take action to recoup the overpayment, see Defendants' Reply brief at page 6, but there is no indication that even if on other items Plaintiff could show that FEMA did not pay fully items covered by the SFIP that FEMA could not claim a set off based on the overpayment made. That would certainly render any remaining claim moot as is suggested in the waiver application denial letter. See FEMA-000108.

In any event, the remaining issues raised by Plaintiff do not demonstrate that there was any arbitrary or capricious conduct by Plaintiff in refusing to grant the waiver application. Plaintiff's waiver application was vague about the claim made citing only a passing reference to the "Guest/Pool House". The garage is not mentioned in either the waiver application (FEMA-000005) nor in the shortfall itemization. See FEMA-000028. The rationale for the denial of the claim are spelled out in detail in the Supplemental

Declaration of Karen Christian which is set out above. After a review of this matter, the Special Master can not find that FEMA's denial of the waiver claim for reasons other than untimeliness was either arbitrary or capricious. Nor does it appear that the waiver denial was an abuse of discretion.

In the final part of its opposition at pages 7 to 11 , Plaintiff reiterates the points raised by all the Plaintiffs about the quality of the review performed by FEMA on the waiver requests and whether FEMA complied with the court's directions about the preparation of the record and the submissions to be made for this process. These issues have been dealt with by the U.S. District Court in its Memorandum Opinions and further discussion of the issues in the context of this case is not necessary.

**VI. Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendant's Motion for Partial Summary Judgment affirming FEMA's determination on Plaintiff's waiver application be granted and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

Date: March 11, 2011  _____/s/_____
                                                                 Dennis M. Sweeney
                                                                 Special Master