**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Southern Division**


| | | |
|---|---|---|
| **THOMAS L. MOFFETT, II, ET AL.** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Civil Action No.** |
| | ) | **8:05-CV-01547** |
| **v.** | ) | |
| | ) | |
| **COMPUTER SCIENCES CORPORATION,** | ) | |
| **ET AL.** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |


**REPORT AND RECOMMENDATION CONCERNING**
**WAIVER CLAIM OF NILA HINEFELT**

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Nila Hinefelt pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 159 pages labeled FEMA-000001 to 000159.

## I. Background

Plaintiff purchased a Standard Flood Insurance Policy ("SFIP" or "Policy"), Policy Number 0000051286, from Selective to insure her residence located at 20964 Rock Hall Avenue, Rock Hall, Maryland ("insured structure") from damage caused by flooding. See FEMA-000093. See Declaration of Deborah Gangemi (Document 318-2) and Supplemental Declaration of Karen Christian for the Claim of Nila Hinefelt (Document 550-3).

Plaintiff's Policy was in effect from September 27, 2002 through September 27, 2003 and was in effect at the time of Hurricane Isabel. Id.

Plaintiff's structure was insured for $86,600.00 with a deductible of $1,000.00. Id.

On September 22, 2003, Plaintiff notified Selective of her loss caused by flooding from Hurricane Isabel on September 19, 2003. See FEMA-000095.

On or about September 25, 2003, John Barbara, claims adjuster, contacted Plaintiff. See FEMA-000118.

The adjuster inspected the exterior of the structure, conducted a room-by-room inspection of the interior, took photographs, and adjusted the loss. See FEMA-000118 through 150.

Plaintiff states she was paid a total of $41,917.15 under her building coverage and an additional $30,000.00 under the Increased Cost of Compliance provision of her SFIP. See FEMA-000005.

## II.     Waiver Claim and Denial

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Doc. No. 196 and Doc. No. 197, Order of December 4, 2007. On or about February 22, 2008, Plaintiff submitted to FEMA a document entitled "PLAINTIFF NILA HINEFELT'S INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." See FEMA-000001 through FEMA-000033. On July 31, 2008, FEMA in a letter denied the waiver claim.

## III.    Reasons for Waiver Denial

The reasons for the denial of the Waiver Claim are found at ¶¶12-20 in the Supplemental Declaration of Karen Christian with Respect to the claim of Nila Hinefelt. It states:

> Plaintiff states the total to repair her original home was $106,661.26. *See* FEMA-000027. Plaintiff then deducted the payment of $30,000.00 under the Increased Cost of Compliance provision of her policy and the payment from Selective to arrive at a shortfall of $33,744.11. *Id.*

> In Plaintiff's waiver application, she states she repaired and elevated her home for a total of $106,661.26. *See* FEMA-000005. She states she "is currently gathering the documentation supporting the costs to repair and elevate, and will submit them in due course." *Id.*

> For the most part, Plaintiff's waiver application included the same documents she previously submitted to FEMA in support of her claim, which Selective reviewed and paid in accordance with the Proofs of Loss she submitted.

> Plaintiff's shortfall itemization included an estimate from L & L Builders that was previously reviewed by Selective to repair

her home from the flood damage totaling $53,744.00. *See* FEMA-000028. In addition, Plaintiff included a sheet with handwritten numbers that appear to total $99,961.26 with a note that says "has 100's of receipts for all these figures." *See* FEMA-000030.

To date, Plaintiff has not submitted to FEMA supporting photographs, receipts, invoices, or any other data demonstrating the additional items in her supplemental claim were directly damaged by Flood and were covered losses under her SFIP. Further, Plaintiff was already paid the maximum policy limit of $30,000.00 under the Increased Cost of Compliance provision of her SFIP.

When reviewing Plaintiff's waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000034 and FEMA-000035. Specific to this case, the Administrator considered the following whether:

> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate document-tation supporting the additional compensation being requested; and
>
> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

In the letter denying Plaintiff's waiver application, the Administrator stated:

> ... you claim your flood damages exceed the adjustment of your dwelling. To support the amount claimed, you provided proposals and bids for the repair and elevation of your home. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force that recommended the supplemental payment made in the amount of $1,169.36. You also received a $30,000 payment from your Write Your Own Company, Selective

4

Insurance Company (Selective), for the maximum amount of coverage under the Increased Cost of Compliance claim for the elevation of your dwelling. All reviews of your claim concluded that Selective's final evaluation was accurate.

Further, your waiver request resulted in a reinspection of your claim by a FEMA Insurance Examiner. After further review the Insurance Examiner found no basis to set aside the original findings.

*See* FEMA-000035.

**Plaintiff failed to demonstrate she met any of the criteria used to determine whether to grant a waiver.** First, she failed to demonstrate any additional damages she sought were actually covered by her SFIP. Second, she did not submit detailed line-item documentation of uncompensated damages caused directly by flooding to her original structure. Third, she failed to establish that she proceeded in good faith and with reasonable explanation for the delay.

Accordingly, after another comprehensive review of the claim, Plaintiff's waiver application was denied because Plaintiff had not shown in her waiver application that she was entitled to further compensation under her policy. *Id.*

IV. **Plaintiff's Assertions**

Plaintiff in her portion of the Oppositions (Document 630) at page 29, makes only the claim that FEMA in its denial letter did not mention that "further supporting documentation" should have been supplied. Plaintiff feels that FEMA denial of the claim for not supplying additional information "amounts to a new, after-the- fact basis for rejecting her claim" which Plaintiff contends is contrary to the court's admonition.

## V. Special Master's Analysis[1]

Plaintiff claim that she was not notified of or provided an opportunity for supplying additional documentation is not a basis for finding that the waiver denial was arbitrary or capricious or not based on a rational basis. As FEMA notes in its reply (Document 633) at page 12, Plaintiff had full opportunity to supply information as part of the waiver process and did not supply the needed information. The administrative record in this case shows a detailed and comprehensive adjustment of the claim by FEMA. See FEMA-000036 to FEMA-000139. Pursuant to the process established by the court, FEMA had to review what Plaintiff submitted as the basis for a waiver which FEMA did and made a determination that appears consistent with how it applies the SFIP to claims such as Plaintiff's. The determination as explained in the Supplemental Declaration of Karen Christian and set out above in Part III of this report and recommendation is consistent with the SFIP and statutory and regulatory requirements. The determination not to grant a waiver was neither arbitrary or capricious or contrary to law.

---

1.Group Three Plaintiffs in their Oppositions (Document No. 630) at pages 3 to 9 have raised what they term to be twenty four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address in this report and recommendation these issues but will incorporate and rely on the court's prior rulings on these issues (see Documents 594,596 and 597) and the previously filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

**VI.    Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

 June 2 , 2011                                           /S/
      Date                                    Dennis M. Sweeney
                                        Special Master