IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| THOMAS L. MOFFETT, II, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 8:05-CV-01547 |
| v. | ) | |
| | ) | |
| COMPUTER SCIENCES CORPORATION, | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

REPORT AND RECOMMENDATION CONCERNING

WAIVER CLAIM OF JAMES FOLDERAUER

This constitutes the Report and Recommendation to the Court concerning the claim of James Folderauer pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing the report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided to the Special Master in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the court filings in this case. The Special Master was also provided by computer disc the "appropriate documents of record" as

specified in Part 1.a of the Memorandum Order. In this case, the documents consists of 213 pages labeled FEMA-000001 to 000213.

**I. Background**

Plaintiff purchased a Standard Flood Insurance Policy ("SFIP" or "Policy"), Policy Number 2021191925, from FEMA to insure his residence located at 7629 Bay Street, Pasadena, MD 21122 ("insured structure") from damage caused by flooding. Plaintiff's Policy was in effect from February 15, 2003 through February 15, 2004. FEMA-000061.

Plaintiff's insured structure was insured for $84,000.00 with a deductible of $1,000.00 and his contents were insured for $5,000.00 with a deductible of $1,000.00. Id.

Plaintiff issued a notice of loss to FEMA alleging his insured structure and contents were damaged by flood resulting from Hurricane Isabel on September 19, 2003. See FEMA-000136.

On or about September 22, 2003, FEMA hired an independent adjuster, Charter Catastrophe, to investigate Plaintiff's loss. See FEMA-000135.

The independent adjuster inspected the exterior of the structure, conducted a room-by-room inspection of the interior, took photographs, and adjusted the loss. See FEMA-000155 through FEMA-000213. The adjuster identified $29,042.73 (less depreciation) in covered flood damage ($24,042.73 for the building and $5000.00 for contents). See FEMA-000158.

In December 2003, Plaintiff submitted a timely Proof of Loss to FEMA for a total of $29,042.73 (less the deductibles) reflecting the independent adjuster's findings

($24,042.73 for the insured structure and $5,000.00 for insured contents). See FEMA-000159.

Plaintiff did not submit a supplemental or amended Proof of Loss to FEMA.

On December 15 and 30, 2003, FEMA issued payments to Plaintiff for his policy limit on content damages, $5,000.00. See FEMA-000023 and FEMA-000024.

On December 15 and 30, 2003, FEMA issued payments to Plaintiff totaling $24,042.73 for damage to his insured structure. See FEMA-000021 and FEMA-000022. Plaintiff was paid in full for his December 3, 2010 Proof of Loss. Id.

On September 22, 2004, Plaintiff requested review of his claim by the Hurricane Isabel Task Force ("Task Force"). See FEMA-000016. Plaintiff claimed:

WE HAD DAMAGED CARS – SOIL CONTAMINATION + MOLD WE NEED ELEVATION FOR ELEC. + APPLIANCES + STORAGE, WATER SYSTEM OUR FEMA form Had ERRORS ON IT AND, WE WERE DISPLACED, NEEDED STORAGE, LOST ITEMS NOT COVERED BY FLOOD, clothing, shoes, boots, personal property not covered by personal property. WE ARE still iN NEED OF OF REPAIRS, help + reimbursement WE ARE PAYING FOR STORAGE SHOULD HAVE BEEN COVERED BY FEMA, SEPTIC REPAIRS NEEDED.

Id.

In reviewing Plaintiff's claim, a Task Force Examiner called Mrs. Folderauer, identified as the co-owner of the insured structure and Plaintiff's wife, to discuss the concerns identified in Plaintiff's Task Force request. See FEMA-000143.

Mrs. Folderauer stated "her concerns are predominately related to FEMA Disaster Relief. She was paid 5k policy limits on contents and states she had much more in

contents damaged. She also stated she has a detached shed that was not covered." Id. Mrs. Folderauer explained they used the "shed" for storage, but it was "a small garage." Id. Mrs. Folderauer also alleged it was damaged by wind. Id.

In regard to Mrs. Folderauer's request for additional monies for content not covered by her Policy, the Examiner provided her with FEMA's disaster relief phone number. Id.

In regard to Mrs. Folderauer's request for flood coverage for the "shed," the Examiner reviewed photographs of the "shed" and determined it was a "shed" not a detached garage, and, as such, was not covered under the Policy. Id.; see also FEMA-000069, Independent Adjuster's Report (referring to the "shed" as a "detached storage shed"); See FEMA-000111 (Picture of the "shed"). The Examiner spoke to Mrs. Folderauer and "she agreed it would be a stretch to call this a garage and she agreed to the claim with no additional payments due." See FEMA-000143.

The Task Force reviewed Plaintiff's submission and determined the assistance requested was not covered by Plaintiff's Policy and on October 6, 2004, FEMA provided Plaintiff with a letter stating there were "no additional items eligible for payment under [his] policy and that no further reimbursement is due." See FEMA-000017.

Karen Christian further reviewed pictures of the "shed" and has determined it is not a detached garage, and as such, is not covered by the Policy. See FEMA-000111.

**II. Waiver Claim and Denial.**

On or about February 22, 2008, Plaintiff submitted to FEMA a document entitled "PLAINTIFF JAMES M. FOLDERAUER'S INDIVIDUAL APPLICATION FOR WAIVER

OF PROOF OF LOSS REQUIREMENTS." See FEMA-000001 through FEMA-000048. Plaintiff's waiver application was denied . See FEMA-000049 to FEMA-000050.     .

**III. Reasons for Waiver Denial.**

The reasons for the denial are provided at paragraphs 21 to 30 in the Supplemental Declaration of Karen Christian with Respect to the Claim of James Folderauer (Document 505-2 ). They are:

*On or about February 22, 2008, Plaintiff submitted to FEMA a document entitled "PLAINTIFF JAMES M. FOLDERAUER'S INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." See FEMA-000001 through FEMA-000048. Plaintiff admits he received the full amount identified in his December 3, 2003 Proof of Loss. See FEMA-000005 at ¶ 17.*

*It is not clear what provision of the Proof of Loss requirement Plaintiff is requesting FEMA waive. Id. Plaintiff simply makes a supplemental payment request of $26,957.27 under building coverage. Id. "Applicant was paid $26,042.72 on structure coverage.*

*Applicants estimated costs to repair dwelling was $52,000.00, for a short fall of $26,957.27, after the $1,000.00 deductible."* Id.

*Plaintiff's waiver application included some of the same documents he previously submitted to FEMA in support of his December 3, 2003 Proof of Loss, which FEMA paid in full.*

*In Plaintiff's waiver application, he states he needs a waiver of the Proof of Loss requirement "[d]ue to the illness of his family through exposure to toxins, and other health issues, Applicant is still in the process of gathering supporting documentation supporting his shortfall and intends to submit them to FEMA and the Court in due course."* Id.

*To date, Plaintiff has not submitted to FEMA supporting photographs, receipts, invoices, and other data demonstrating the additional items he now claims were directly damaged by Flood and were covered by the SFIP.*

*When reviewing Plaintiff's waiver application, the Administrator evaluated the facts and circumstances relating to the request. See FEMA-000049 and FEMA-000050. Specific to this case, the Administrator looked at the following:*

*1. Policy holder demonstrated additional damages exist that are covered by the SFIP;*

*2. Policy holder submitted appropriate documentation supporting the additional compensation being requested; and*

*3. Policy holder provided a reasonable explanation for the delay in submitting the POL.* Id.

*The Administrator denied Plaintiff's waiver application because "[i]t has been over four years since the deadline to submit a POL expired and you have not provided a*

*reasonable explanation for the delay in submitting a timely POL. In addition you have not demonstrated additional covered damage exists for which you have not been paid."*
*See FEMA-000049.*

*In the letter denying Plaintiff's waiver application, the Administrator stated:*

*... you claim your actual damages exceed the amount allowed by the National Flood Insurance Program Servicing Agent. To support the amount claimed, you provided a list of expenditures for repairs that you are making to the structure acting as your own contractor. A review of the adjuster's allowances determined the costs are adequate and repairs can be made for the amount you were initially paid. No additional payment is warranted.*

*Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force. The Task Force denied the request for additional payment as the items in question are not covered by the SFIP, such as vehicles, soil contamination, septic repairs, elevation of appliances, a shed, fence and gazebo."*
*See FEMA-000050.*

*Accordingly, after another comprehensive review of the claim, Plaintiff's waiver application was denied because it was untimely, and because Plaintiff had not shown in her waiver application that she was entitled to further compensation under her policy. Id.*

**IV. Plaintiff's Assertions**

Plaintiff's Opposition to the Supplemental Motion for Summary Judgment is set out in a single paragraph in the Group Three Plaintiff Households' Opposition (Document 630): "In Group C of the Plaintiff's Individual Application for Waiver of the POL Requirements (see FEMA 000038, shortfall itemization), Mr. Folderauer claims $30,000.00 for his own personal labor hours. Plaintiff was paid a total of $24,042.73 under Coverage A of the SFIP. The shortfall on his application is $26,957.27. As the amount paid to Mr. Folderauer was not sufficient to bring his home to its pre-flood condition, he had to perform much of the labor himself. As Mr. Folderauer has attested to the amount of labor hours to be reimbursed in his shortfall itemization (Id), and as his labor costs exceed the shortfall, Mr. Folderauer should be reimbursed the full amount of the shortfall claimed." Id at 35-36. Mr. Folderauer asks the court to enter summary judgment for the amount of $26,957.27. Id at 37.

**V. Special Master's Analysis.**[1]

It appears from the Opposition that Plaintiff has now limited his claim to ask only for payment of his own personal labor costs in connection with the rebuilding of his

---

[1] Group Three Plaintiffs in their Oppositions (Document No. 630) at pages 3 to 9 have raised what they term to be twenty four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address in this report and recommendation these issues but will incorporate and rely on the court's prior rulings on these issues (see Documents 594,596 and 597) and the previously filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

property. FEMA asserts that Plaintiff "failed to provide any evidence that he actually performed and completed the repairs to covered property, and that the cost to repair the damage property exceed the labor unit cost provided to him." Plaintiff does not cite where in the administrative record there is detailed records to support his labor charges. In essence, FEMA contends that it is unconvinced by what appears to be a mere assertion by Plaintiff that he personally performed $30,000.00 worth of personal work on the property. It not convinced to provide compensation to him.

It should also be noted that the adjuster allotted over $24,000 for compensation under Coverage A. This would have included within the estimate a component for the labor needed. It appears that Plaintiff's continued concern is that he should have been paid more in building coverage but there is no analysis or documentation in the record that demonstrates that FEMA's adjustment is in error under the terms of the SFIP.

FEMA was entitled to make the judgment it did about the Coverage A claim and Plaintiff has not demonstrated that it was arbitrary or capricious or an abuse of discretion.

**VI. Recommendation of the Special Master.**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendant's Motion for

Partial Summary Judgment affirming FEMA's determination on Plaintiff's waiver application be granted and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

|  |  |
|---|---|
| __June 2, 2011__ | _____/S/_____ |
| Date | Dennis M. Sweeney |
|  | Special Master |