IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL.    )<br>                                                              )<br>              Plaintiffs,                        )<br>                                                              )<br> v.                                                        )<br>                                                              )<br> COMPUTER SCIENCES CORPORATION,  )<br> ET AL.                                               )<br>                                                              )<br>              Defendants.                     )<br> _____ ) | Civil Action No.<br>8:05-CV-01547 |

### REPORT AND RECOMMENDATION CONCERNING
### WAIVER CLAIM OF MICHAEL KONDYLAS

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Michael Kondylas pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 44 pages labeled FEMA-000001 to 000044.

I.      **Background**

Plaintiff purchased a Standard Flood Insurance Policy ("SFIP" or "Policy"), Policy 90-RA-9392-9, from State Farm Fire and Casualty Company

("State Farm") to insure his residence located at 8909 Millers Island Road, Baltimore, Maryland ("insured structure") from damage caused by flooding. *See* FEMA-000019. Plaintiff's Policy was in effect from January 16, 2003 through January 16, 2004. *Id.* Plaintiff's structure was insured for $117,000[1] with a deductible of $500. *See* FEMA-000031.

On September 18, 2003, Hurricane Isabel struck the Mid-Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiff's property. On September 27, 2003, Plaintiff notified State Farm of the loss. *See* FEMA-000016.

An adjuster inspected the structure on September 30, 2003 and determined Plaintiff's net loss after application of his $500.00 deductible was $531.55. *See* FEMA-000032. On October 23, 2003, Plaintiff submitted a Proof of Loss for the $531.55. *See* FEMA-000024. On October 24, 2003, State Farm issued a check for $531.55, which was payment in full on Plaintiff's only timely submitted Proof of Loss. *See* FEMA-000021.

Plaintiff did not seek any review by the Hurricane Isabel Task Force. *See* FEMA-000015.

**II.     Waiver Claim and Denial**

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Doc. No. 196 and Doc. No. 197, Order of December 4, 2007. On or about February 22, 2008, Plaintiff submitted to FEMA a document entitled "PLAINTIFF MICHAEL AND DONNA KONDYLAS'

---

[1] Plaintiff claims his policy limit was $188,800.00 (*See* FEMA-00005), but FEMA asserts that the actual policy limit was $117,000.00.

INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." *See* FEMA-000001 through FEMA-000013. FEMA denied the request in a letter dated October 28, 2008. See FEMA-000014 to 000015.

**III.    Reasons for Waiver Denial**

The reasons for the denial of the Waiver Claim are found at ¶¶12-19 of the Supplemental Declaration of Karen Christian for the Claim of Michael Kondylas (Document 617-2). It states:

> Plaintiff's waiver application did not include any documentation such as receipts, invoices or estimates to support his supplemental claim.
>
> Plaintiff states the total to repair his original home was $11,529.00. *See* FEMA-000012. Plaintiff applied his deductible and payment from State Farm to arrive at a claimed structure shortfall of $10,997.45. *Id.* Plaintiff stated he would submit documentation to support this claim in due course. *See* FEMA-00005.
>
> Plaintiff's shortfall itemization included a handwritten document with line items totaling $11,529.00 without any explanation of how the flood damage related to the claimed items or what the claimed amounts were based on. *See* FEMA-00013.
>
> Plaintiff never submitted to FEMA any other supporting documents to support his waiver application.
>
> When reviewing Plaintiff's waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000014 and FEMA-000015. Specific to this case, the Administrator considered the following whether:
>
> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate documentation supporting the additional compensation being requested; and

3

> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

In the letter denying Plaintiff's waiver application, the Administrator stated:

> … you claim your damages exceed the flood damages determined by your carrier, State Farm Fire and Casualty Company (State Farm) as a result of the flooding. You did not submit a request to the Hurricane Isabel Task Force to review your claim to determine if you were owed an additional payment for the damage to your building. However, the investigation conducted by State Farm clearly documents the damage to your structure was confined to the enclosed lower level, which had been finished and was used as living space. Although the damages were extensive, the structure is a post-FIRM elevated building and subject to coverage limitations as outlined in the Standard Flood Insurance Policy. This was explained to you by the State Farm adjuster and in their letter issued on October 18, 2003. The adjustment prepared by State Farm paid for only the covered damages for which you received payment in the amount of $531.55.
>
> Further, your waiver request resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. The documents provided by your attorney do not support a supplemental payment since they do not contain new information and consist of upgrades to the property and non-covered items. The Insurance Examiner found no basis to set aside the original findings.

*See* FEMA-000015.

**Plaintiff failed to demonstrate he met any of the criteria used to determine whether to grant a waiver.** First, he failed to demonstrate any additional damages he sought were actually covered by his SFIP. Second, he did not submit

4

detailed line-item documentation of uncompensated damages caused directly by flooding to his original structure.

Accordingly, after another comprehensive review of the claim, Plaintiff's waiver application was denied because Plaintiff had not shown in his waiver application that he was entitled to further compensation under his policy. *Id.*

IV. **Plaintiffs' Assertions**

Plaintiff's sole contention is contained in Document 646 where the full statement is as follows:

Mr. Kondylas supplied the itemization of his shortfall with his Individual Application for Waiver of the POL Requirements (see FEMA 000013 and 000014) to FEMA on February 25, 2008. FEMA's denial letter of October 28, 2008 mentioned nothing about the need to supply still further supporting documentation. The first time FEMA has denied payment of the shortfall on the ground that such additional information was needed was in their March 28, 2011 Motion for Summary Judgment (Doc. 617). This amounts to a new, after-the-fact basis for rejecting his claim, contrary to the Court's admonition.

Plaintiff seeks $10,997.45 in his motion for summary judgment. Document 646 at page 40.

V. **Special Master's Analysis[2]**

FEMA's reasons for denying the waiver claim as set out in Part III above are reasonable and in accord with the SFIP. Plaintiffs have failed to show

---

[2] In their Oppositions at Document No. 646 at Pages 3 to 9, Group Four Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594,596 and 597) and the previously filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

or explain how the determination made was arbitrary, capricious or an abuse of discretion. It was Plaintiff's obligation to supply the information and documents necessary to support his claim. As Karen Christian states in Part III above in explaining the reasons for the waiver denial:

> Plaintiff's waiver application did not include any documentation such as receipts, invoices or estimates to support his supplemental claim.
>
> Plaintiff states the total to repair his original home was $11,529.00. *See* FEMA-000012. Plaintiff applied his deductible and payment from State Farm to arrive at a claimed structure shortfall of $10,997.45. *Id.* Plaintiff stated he would submit documentation to support this claim in due course. *See* FEMA-00005.
>
> Plaintiff's shortfall itemization included a handwritten document with line items totaling $11,529.00 without any explanation of how the flood damage related to the claimed items or what the claimed amounts were based on. *See* FEMA-00013.

At the time the waiver application was made it was necessary for Plaintiffs to fully support the waiver claim and not rely on the possibility in submitting other documents in "due course". It was not incumbent on FEMA to provide additional opportunities for the submission of further documentation when Plaintiff failed to submit satisfactory support in the waiver claim itself. The documentary deficiencies in this claim are more that adequately stated in FEMA Reply Memorandum (Document 647) at page 11 and do not need to be further stated here.

## VI. Recommendation of the Special Master

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.


  June 26, 2011                                             /S/
    Date                                          Dennis M. Sweeney
                                                      Special Master