IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COMPUTER SCIENCES CORPORATION, ) <br> ET AL. ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. <br> 8:05-CV-01547 |

**REPORT AND RECOMMENDATION CONCERNING
<u>WAIVER CLAIM OF MARLENE KRAJEWSKI</u>**

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Marlene Krajewski pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 306 pages labeled FEMA-000001 to 000306.

**I.      Background**

Plaintiff purchased a Standard Flood Insurance Policy ("SFIP" or "Policy"), Policy Number 5219371501, from Nationwide Mutual Fire Company

("Nationwide") to insure her residence located at 1071 Locust Drive, Pasadena, Maryland ("insured structure") from damage caused by flooding. *See* FEMA-000192. Plaintiff's structure was insured up to $109,900.00 with a deductible of $1,000.00. *Id.* Plaintiff did not maintain contents coverage. *Id.*

On or about September 18, 2003, Hurricane Isabel struck the coast of Maryland, causing damage along the coast, including to the insured structure owned by Plaintiff. *Id.* Plaintiff's policy was effective July 30, 2003 through July 30, 2004 and thus was in effect at the time of the loss. *Id.*

On September 21, 2003, Plaintiff notified Nationwide of her loss, alleging her insured structure was damaged by the flooding caused by Hurricane Isabel on September 18, 2003. *See* FEMA-000083 and FEMA-000300. On September 25, 2003, Plaintiff was contacted by an independent adjuster, Daniel Rivas, who was assigned by Nationwide to investigate Plaintiff's loss. *See* FEMA-000130 through FEMA-000132.

On or about September 26, 2003, the adjuster inspected the exterior of the structure, conducted a room-by-room inspection of the interior, took photographs, and adjusted the loss. *Id.* The adjuster identified $24,742.81 in replacement-cost covered flood damages after applying the $1,000.00 deductible. *See* FEMA-000132. The flood waters on the exterior of the residence reached a height of 20 inches, and six to eight inches in the interior. *See* FEMA-000116.

Shortly thereafter, Plaintiff submitted a signed and notarized Proof of Loss for the $24,742.81. *See* FEMA-000030. On November 7, 2003, Nationwide issued a check for the Proof of Loss in the amount of $24,742.81. *See* FEMA-000231.

On April 26, 2004, Plaintiff submitted another Proof of Loss for $3,865.38 as supplemental building payment. *See* FEMA-000031. On April 30, 2004, a waiver of the Proof of Loss submission deadline was granted to authorize payment on this untimely Proof of Loss. *See* FEMA-000112. Subsequently, on April 30, 2004, Nationwide issued a check for the supplemental Proof of Loss in the amount of $3,865.38. *See* FEMA-000229.

On May 14, 2004, Nationwide issued Plaintiff another supplemental check in the amount of $5,018.38 for recoverable depreciation from the original estimate ($3,729.93) and a supplemental amount for the building damage ($1,288.45). *See* FEMA-000227. The amounts were based in part on a Statement as to Full Cost of Repair or Replacement that Plaintiff submitted on or about October 26, 2003. *See* FEMA-000034.

On June 24, 2004, Nationwide re-issued the check for $5,018.38 because the wrong mortgage information was on the check. *See* FEMA-000226.

On or about April 16, 2004, FEMA received Plaintiff's request for review of her claim by the Hurricane Isabel Task Force ("Task Force"). *See* FEMA-000162 and FEMA-000219. Plaintiff requested review of her claim because there was not enough money to complete repairs to her house (*i.e.*, painting, wallpaper installation). *Id*.

On June 29, 2004, the Task Force concluded its review. *See* FEMA-000162. The Task Force found that a supplemental payment in the amount of $18,529.02 was in order to reimburse for actual repairs that were "approximately double in cost to the adjuster's original estimate." *Id.* Further, "[t]here were a number of items

that the unit prices were too low, and also some items that were included, such as: Sub-floor, Trim, Drywall, Insulation, Paneling, Painting and Flooring." *Id.* Also, the Task Force increased the overhead allowance from 7% to 20% based on documentation provided by Plaintiff. *Id.* The Task Force reviewed the supplemental determination with Plaintiff who agreed with the supplemental amount and executed a Proof of Loss for $18,529.02. *See* FEMA-000033. On August 4, 2004, Nationwide issued a check for a total of $18,529.02, the amount authorized by the Task Force. *See* FEMA-000090. Plaintiff was paid in full on every Proof of Loss she submitted to Nationwide.

**II.   Waiver Claim and Denial**

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Doc. No. 196 and Doc. No. 197, Order of December 4, 2007. On or about February 25, 2008, Plaintiff submitted to FEMA a document entitled "PLAINTIFF MARLENE KRAJEWSKI'S INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." *See* FEMA-000001 through FEMA-00080. FEMA denied the request in a letter dated July 31, 2008. See FEMA-000081 to 000082.

**III.   Reasons for Waiver Denial**

The reasons for the denial of the Waiver Claim are found at ¶¶20-25 of the Supplemental Declaration of Karen Christian for the Claim of Marlene Krajewski (Document 619-2). It states:

Plaintiff claimed a shortfall of $34,938.28. *See* FEMA-000005. Plaintiff calculated her shortfall by subtracting the total cost to repair her home ($88,093.87) from the total of amount of payments by Nationwide ($52,155.59). *Id.*

When reviewing Plaintiffs' waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000081 and FEMA-000082. Specific to this case, the Administrator considered the following whether:

> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate documentation supporting the additional compensation being requested; and
>
> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.
>
> *Id.*

The SFIP only covers direct physical loss caused by or from flooding with like kind and quality materials without any code upgrades. Plaintiff's shortfall calculation falls woefully short of supporting a waiver. Plaintiff's shortfall was based on estimates and expenditures provided by Plaintiff to repair her 76 year old building (*See* FEMA-000299), which did not explain how the amounts paid by Nationwide were insufficient to repair the damage caused by the six to eight inches of flood water that entered her home. *See* FEMA-000082.

Plaintiffs submitted the same documents that were reviewed by the Task Force with her waiver application including the same checks and estimate from Foster-Mack, Inc. For example, compare the waiver application documents FEMA-000048 through FEMA-000054, FEMA-000056, and FEMA-000064 through FEMA-000069 to the claims file documents FEMA-000176 through FEMA-000180 and FEMA-000186 through FEMA-000189.

In the letter providing FEMA's determination on Plaintiff's waiver application, the Administrator stated:

5

> ... you claim your damages necessitated additional cost for repairs as a result of the flooding. To support the amount claimed, you provided estimates and expenditures for the cost of repairs. However, the repairs are for building items not damaged by the flood and other items that are not substantiated by the supporting documentation provided as to the actual flood damage. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force that recommended the supplemental payment of $18,529.02 by your Write Your Own Carrier, Nationwide Insurance. All reviews of your claim concluded the final payment of your claim was accurate.
>
> *****
>
> Further, your waiver resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.

*See* FEMA 000082.

**Plaintiff failed to demonstrate she met any of the criteria used to determine whether to grant a waiver.** First, she failed to demonstrate any additional damages she sought were actually covered by her SFIP. Second, she did not submit detailed line-item documentation of uncompensated damages caused directly by flooding to her original structure.

Accordingly, after another comprehensive review of the claim, FEMA determined no further compensation was warranted. *Id.* Plaintiff's waiver application was denied for a multitude of reasons, but primarily because she failed to document any physical loss by or from flood covered under her SFIP for which she did not receive full compensation.

6

IV. **Plaintiffs' Assertions**

Plaintiff's assertions in her Opposition (Document 646) at pages 28 to 32 contends that the documentation she submitted to FEMA in the claims process and in submitting her waiver claim was adequate and detailed enough to satisfy FEMA's requirements. She points to the problems she had finding contractors willing to do the work for the funds she had been allocated. Id at 29. She points out that she submitted a detailed listing of her concerns to the Maryland Insurance Administration, Id, and to the Hurricane Isabel Task Force. These efforts lead to her receiving $52,155.59 but she concluded that this was not enough to fix all the damages sustained. Id at 31. More particularly, Plaintiff contends that FEMA should have accepted the documentation from Foster Mack, Inc. FEMA 000048 to 54.

Plaintiff seeks by summary judgment the amount of $34,938.28. Document 646 at page 40.

V. **Special Master's Analysis**[1]

---

[1] In their Oppositions at Document No. 646 at Pages 3 to 9, Group Four Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596 and 597) and the previously filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

Plaintiff's complaint that FEMA was obligated to accept the documentation she submitted is adequately refuted by FEMA's reasons for denial of the waiver claim, see Part III above, and by FEMA's Supplemental Motion for Summary Judgment. Document 619 and in FEMA's Reply (Document 647) at pages 15 to 16.

Karen Christian in Part III above encapsulates FEMA position:

> The SFIP only covers direct physical loss caused by or from flooding with like kind and quality materials without any code upgrades. Plaintiff's shortfall calculation falls woefully short of supporting a waiver. Plaintiff's shortfall was based on estimates and expenditures provided by Plaintiff to repair her 76 year old building (*See* FEMA-000299), which did not explain how the amounts paid by Nationwide were insufficient to repair the damage caused by the six to eight inches of flood water that entered her home. *See* FEMA-000082.

The Special Master after reviewing the matter can not conclude that FEMA's failure to accept the documents submitted by Plaintiff as being sufficient to support her claim for an additional amount of $34,938.28 is in error. As FEMA notes this was basically the same information submitted to the Hurricane Isabel Task Force. It was not sufficient at that point to refute the Nationwide calculations. It carried no more weight with FEMA when it was submitted without more in the waiver claims process.

The Special Master finds no basis to conclude that FEMA's decision here was arbitrary, capricious or an abuse of discretion.

## VI. Recommendation of the Special Master

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

| | |
|---|---|
|   June 26, 2011   |                         /S/   |
| Date | Dennis M. Sweeney |
| | Special Master |