# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | | |
|---|---|---|
| THOMAS L. MOFFETT, II, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 8:05-CV-01547 |
| v. | ) | |
| | ) | |
| COMPUTER SCIENCES CORPORATION, ET AL. | ) ) | |
| | ) | |
| Defendants. | ) ) | |

## REPORT AND RECOMMENDATION CONCERNING WAIVER CLAIM OF DAVID L. AND BEVERLY MOTTA

This constitutes the Report and Recommendation to the Court concerning the waiver claim of David L. and Beverly Motta pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 183 pages labeled FEMA-000001 to 000183.

## I. Background

Plaintiffs' property located at 8812 Hinton Avenue, Millers Island, Maryland, was insured by Selective Insurance Company of the Southeast ("Selective") under Policy Number 0000062738, with a coverage limit of $250,000.00 for their building with a $5,000.00 deductible.[1] *See* FEMA-000005 and 000036. Plaintiffs also maintained contents coverage with a coverage limit of $68,600.00 with a $2,000.00 deductible. *See* FEMA-000005.

On or about September 18, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiffs' home. *See* FEMA-000141. Plaintiffs, with the assistance of their public adjuster, submitted timely Proofs of Loss totaling $194,365.12. *See* Doc. No. 318-2 at 119.

On October 9, 2003, Selective issued to Plaintiffs a check in the amount of $25,000.00 as an advance payment on their contents claim. *See* FEMA-000373. On December 23, 2003, Selective issued Plaintiffs a second check in the amount of $43,600 for the remaining policy limits on their contents claim. *See* FEMA-000564.

On March 30, 2004, Selective issued Plaintiffs a check in the amount of $50,000.00 as an advance payment on their Building claim. *See* FEMA-000563. Selective issued Plaintiffs another $50,000.00 advance payment check on or about April 22, 2004. *See* FEMA-000464. On June 28, 2004, as a result of the Hurricane Isabel Task Force review, Selective issued Plaintiffs a supplemental payment check

---

[1] For clarification, Plaintiffs David L. and Beverly Motta own the insured property at issue although only Beverly Motta is the named insured in the Standard Flood Insurance Policy (SFIP).

for building coverage totaling $34,312.89. *See* FEMA-000466. Additional supplemental building checks were issued to Plaintiffs on August 16, 2004 ($10,000.00), September 10, 2004 ($10,000.00), September 21, 2004 ($6,279.89), and October 13, 2004 ($8,426.22). *See* FEMA-000473 through FEMA-000475, and 000481.

Plaintiffs were paid a total of $169,019.00 under their building coverage and policy limits of $68,600.00 under their contents coverage. *See* FEMA-000005. The amount Plaintiffs received in building coverage was less than the $194,365.12 they requested on their timely Proof of Loss.

## II. Waiver Claim and Denial

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Doc. No. 196 and Doc. No. 197, Order of December 4, 2007. On February 25, 2008, Plaintiffs submitted to FEMA a document entitled "PLAINTIFFS DAVID L. AND BEVERLY MOTTA INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." The waiver application requested that FEMA compensate Plaintiffs an additional $47,195.51. *See* FEMA-000005. FEMA denied the request in a letter dated July 31, 2008. See FEMA-000080 to 000081.

### III. Reasons for Waiver Denial

The reasons for the denial of the Waiver Claim are found at ¶¶11-19 of the Supplemental Declaration of Karen Christian for the Claim of Todd and Jean Lewis[2]. Document 642-2. It states:

> Plaintiffs' $47,195.51 shortfall was based on their assertion that the total FEMA payments for building coverage in the amount of $169,019.00 (including the $5,000 deductible) did not cover all the expenses required to repair their home which totaled $221,214.51. *Id.*
>
> The maximum recovery Plaintiffs may receive for building coverage here is $25,346.12 (difference between their timely Proof of Loss - $194,365.12 and amounts already paid for building coverage - $169,019.00). *See* Doc. No. 318-2 at 119.
>
> Plaintiffs' claimed shortfall amount of $47,195.51 exceeds the amount Plaintiffs claimed on their timely Proof of Loss amount ($194,365.12) by $21,849.39.
>
> A review of Plaintiffs' shortfall itemization and supporting documents indicates that these were the same documents reviewed by the National Flood Insurance Program, Bureau and Statistical Agent, the General Adjuster, Hurricane Isabel Task Force and by FEMA. *See* FEMA-000051 through FEMA-000065. There is no evidence Plaintiffs are entitled to any additional compensation.
>
> When reviewing Plaintiffs' waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000080 and FEMA-000081. Specific to this case, the Administrator considered the following whether:
>
> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate documentation supporting the additional compensation being requested; and

---

[2] Ms. Christian also relied on the Declaration of Deborah Gangemi of Selective Insurance which is part of the court file in this case. See Document 318-2.

> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

In the letter providing FEMA's determination on Plaintiff's waiver application, the Administrator stated:

> ... you claim your expenses for repair of your home exceeded the amount paid to you by your Write Your Own Company, Selective Insurance Company (Selective). To support the amount claimed, you provided receipts for your cost spent to repair your home. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force that recommended two supplemental payments that were issued by Selective. All reviews of your claim concluded that the final evaluation of your claim was accurate. The current documents presented appear to be the same items presented during the handling of your claim with FEMA and the Hurricane Isabel Task Force. Several of the items presented were previously denied as they are not covered by the SFIP (detached carport) or involved betterment (floor joists and fixture replacement).
>
> Further, your waiver resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.

*Id.*

**Plaintiffs' waiver application does not meet the criteria for approval because** they failed to demonstrate any additional damages sought were actually covered by their SFIP.

Plaintiffs' shortfall included Increased Cost of Compliance line items (Plaintiffs did not make a claim for these expenses), spiral staircase replacement, kitchen counters (uncertain of contractor – no name), plumbing expenses, and pre-existing structural damage. *See*

FEMA-000051. Plaintiffs were either not entitled to compensation for these items or there was no explanation of how the claim related to the flood loss.

Accordingly, after another comprehensive review of the claim, FEMA determined no further compensation was warranted. *Id.* Plaintiffs' waiver application was denied for a multitude of reasons, but primarily because they failed to document any physical loss by or from flood covered under their SFIP for which they did not receive full compensation for.

IV. **Plaintiffs' Assertions**

Plaintiffs contends that FEMA has agreed that a timely POL was filed in this case and that $25,346.12 is now due to Plaintiffs. They seek to have this paid at this time.

Plaintiffs also seek an additional $21,849.39. They claim that structural damage of $2,000 should be paid based on what they view as a concession by FEMA's agent. Furthermore, they contend that the entire structural damage amount ($10,000.00 more) should be paid based on the Tanner and Sons report. Based on Plaintiff's review, they allege that the remaining shortfall of $19,849.49 should be paid since they believe that FEMA agent's did not correctly evaluate the shortfall claim.

V. **Special Master's Analysis**[3]

FEMA view of the Plaintiffs' claim is substantially different than Plaintiff has set out above . FEMA does not concede that the $25,346.12 is due and owing to Plaintiffs. Instead, they acknowledge that this amount is the difference between the amount they were paid by Selective ($169,019.00) and the amount they claimed on their timely submitted Proof of Loss ($194,365.12). FEMA acknowledges that a claim in the $25,346.12 amount can proceed against Selective, but they assert that there is no concession that the claim has ultimate merit or that FEMA or Selective has waived any defenses they may have. The Special Master agrees with FEMA on this issue. That claim should proceed independent of the review of the waiver denial process that is being conducted here.

As far as the waiver portion of the review is concerned, it involves any claim above the timely submitted Proof of Loss claim and is limited to $21,849.39. FEMA argues that the record does not show that any claimed "shortfall" above the $194,365.12 level has been shown. As far as the arguments concerning the Tanner report and the contention that pre-existing structural damage should not be considered, FEMA notes that

---

[3] In their Oppositions at Document No. 677 at Pages 3 to 9, Group Five Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

these were not presented in the waiver application and should not now be allowed to be raised. This appears to be the case.

The Special Master concurs with FEMA that Plaintiffs should be allowed to proceed with their timely filed POL up to the amount of $194,365.12, but that FEMA has not conceded that any payment above $169,019.00 already paid should be paid. As to Plaintiffs other arguments, they have not shown that FEMA's denial of the waiver application was either arbitrary or capricious or an abuse of discretion. The reasons given by FEMA in Part III above for denial of the waiver application are more than adequate to support its decision. Plaintiffs however may pursue their claim to receive compensation up to $194,365.12 including the sums already received by Plaintiffs..

**VI.     Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted but that Plaintiffs' claim arising out of the disallowance or partial disallowance of their timely filed Proof of Loss shall proceed against Defendant Selective Insurance Company of the

Southeast limited to the amount specified in the disallowed timely filed Proof of Loss; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

    <u>August 4 , 2011</u>                    <u>          /S/</u>
      Date                                       Dennis M. Sweeney
                                            Special Master