IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| ) | 8:05-CV-01547 |
| v. ) | |
| ) | |
| COMPUTER SCIENCES CORPORATION, ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION CONCERNING THE**
**WAIVER CLAIM OF WILLIAM AND JANICE NORRIS**

In FEMA's Motion for Partial Summary Judgment on this claim, FEMA concedes at the outset that their was no need for William and Janice Norris to file a waiver claim since it has been discovered that on January 13, 2004, Plaintiffs did in fact file a timely handwritten document titled Proof of Loss requesting a net claim amount of $393,297.00. FEMA concedes that a Proof of Loss was submitted prior to the extended deadline to file a Proof of Loss for Hurricane Isabel claims. FEMA further concedes that not only do these Plaintiffs not need a waiver of the time requirement to challenge the unpaid amount requested on their timely Proof of Loss, but also that they now have the right to pursue the amount claimed on their timely Proof of Loss in the U. S. District Court under Article VII (R) of the policy. See 44 CFR Sec.61, App. A (1) at Art. VII (R).

1

As a result of these concessions, FEMA did not file the administrative record of the waiver review with the court and did not further argue the correctness of its determination of the waiver application. FEMA also did not file a declaration explaining the reasons for the waiver denial since it is now conceding that no waiver request was needed for these Plaintiffs to proceed with their claim.

Plaintiffs do not disagree with FEMA's concessions, but are concerned that FEMA did not file the full record of the waiver request and the history of the claim with the court. While Plaintiffs state they are in agreement with FEMA's recommendation with respect to the POL, they note that in their view the handling of this matter by FEMA points up that FEMA's waiver review process was arbitrary and capricious and that it did not review the applications for waiver appropriately. Plaintiffs believe that the handling of this matter provides a basis for a motion for reconsideration of motions earlier denied by the Court.

Plaintiffs ask that (1) Defendants' Motion for Partial Summary Judgment be denied; (2) that Plaintiff's William and Janis Norris' claim be allowed to go forward; (3) that the Court require defendants to provide a complete copy of the file to Plaintiff's counsel immediately; and (4) that FEMA be directed to pay the policy limits, less the deductible, to the Norrises. Plaintiffs seek at page 50 of the Opposition (Document 677), that summary judgment be granted to the Plaintiffs in the amount of $176,567.57.

FEMA in its Reply (Document 688) responds to Plaintiffs' charges about the review process and explains why its waiver determination letter was written the way it was.

For purpose of the very limited review of the waiver denial that the Special Master is conducting, there is no need for the Special Master to resolve whose fault it was that it was not determined earlier that this case did not need to be reviewed as a waiver case. It is also not for the Special Master to determine whether the handling of this claim demonstrates any basis for the U.S. District Court to reconsider any prior orders relating to the review of the claims. Plaintiffs apparently recognize this limitation of the Master's powers and on June 28, 2011 filed a Motion directed to the U. S. District Court for an order that FEMA's denials of all of the Plaintiffs' applications for waiver of POL requirements were arbitrary and capricious. See Document 678. In that motion, Plaintiffs set out their concerns about how the Norris case was handled as evidence of why the motion should be granted.

As to the matters properly before the Special Master under the delegation from the Court, the Special Master determines that (1) Defendants' Motion for Partial Summary Judgment should be granted since there was no need for a waiver to be granted in this case; (2) that the Plaintiffs' claim conceded by the parties to result from the timely filed Proof of Loss should proceed in normal course in the U. S. District Court; (3) that access to the FEMA files regarding this claim should be governed by the discovery process available to the parties in the U. S. District Court; and (4) the Plaintiffs' request

by summary judgment motion for the immediate payment of the $176,567.57 as part of the waiver review process be denied.

**Recommendation of the Special Master**

After a review and a consideration of the matter, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted on the basis that Plaintiffs did not require a waiver in order to proceed with their claim in the U.S. District Court; and it is further recommended that Plaintiffs' Motion for Summary Judgment be denied; and it is further recommended that Plaintiffs' claim arising out of the disallowance or partial disallowance of their timely filed Proof of Loss be allowed to proceed in the U. S. District Court.

|  |  |
|---|---|
| August 4 , 2011 | _____/s/_____ |
| Date | Dennis M. Sweeney |
|  | Special Master |