# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| ) | 8:05-CV-01547 |
| v. ) | |
| ) | |
| COMPUTER SCIENCES CORPORATION, ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION CONCERNING
## WAIVER CLAIM OF THOMAS AND VIRGINIA PARSONS

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Thomas and Virginia Parsons pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 618 pages labeled FEMA-000001 to 000618.

## I. Background

Plaintiffs' property located at 11242 Bird River Grove Road, White Marsh, Maryland, was insured by Allstate Insurance Company ("Allstate") under Policy Number 1804413118, with a coverage limit of $125,000.00 for their building subject to a $1,000.00 deductible. *See* FEMA-000005. Plaintiffs did not maintain any contents coverage. *Id.*

On September 18, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiffs' home. *Id.*

On February 12, 2004, Allstate paid Plaintiffs $5,807.31. *See* FEMA-000121. On April 19, 2004, Allstate paid Plaintiffs $1.241.65. *See* FEMA-000028. On May 13, 2004, Allstate paid Plaintiffs $19,688.00. *See* FEMA-000029. Plaintiffs agree they were compensated a total of $26,736.96 for their structure and $30,000.00 under the Increased Cost of Compliance ("ICC") provision of their policy. *See* FEMA-000005.

Plaintiffs assert that they are entitled to additional payments totaling $41,175.68.

## II. Waiver Claim and Denial

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Doc. No. 196 and Doc. No. 197, Order of December 4, 2007. On February 25, 2008, Plaintiffs submitted to FEMA a document entitled "PLAINTIFFS THOMAS AND VIRGINIA PARSONS' INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS

2

REQUIREMENTS." The waiver application requested that FEMA compensate Plaintiffs an additional $41,175.68. *See* FEMA-000005. FEMA denied the request in a letter dated August 31, 2008. See FEMA-000080 to 000081.

## III. Reasons for Waiver Denial

The reasons for the denial of the Waiver Claim are found at ¶¶9-16 of the Supplemental Declaration of Karen Christian for the Claim of Thomas and Virginia Parsons. Document No. 644-2[1]. It states:

> Plaintiffs based this amount upon their assertion that it cost them $68,912.64 to construct a new improved and larger home (Plaintiffs arrived at the $68,912.64 figure by "[c]omparing old square footage at new construction costs"). *Id.* Subtracting the amounts FEMA already paid in building coverage ($26,736.96) from their estimated cost to replace their original home ($68,912.64), Plaintiffs assert that they are entitled to a shortfall payment of $41,175.68. *See* FEMA-000039.
>
> Plaintiffs' method of calculating their damages by taking the square footage of their original structure and multiplying it by the cost per square foot of the new upgraded structure does not take into account any of the SFIP's coverage limits or exclusions. Plaintiffs' "itemization" did not actually include any itemization that could be used for a meaningful comparison to the adjuster's estimate.
>
> Plaintiffs presented no evidence challenging the repair estimates provided by Allstate. Plaintiffs' sole focus was on receiving compensation based on the cost of building a substantially improved structure.
>
> When reviewing Plaintiffs' waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000080 and FEMA-000081. Specific to this case, the Administrator considered the following whether:

---

[1] Ms. Christian also relies on the Declaration of Jason Raske (Document 281-2) who reviewed and handled the claim file for Allstate, the Write Your Own carrier in this case.

1. Policy holder demonstrated additional damages exist that are covered by the SFIP;

2. Policy holder submitted appropriate documentation supporting the additional compensation being requested; and

3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

The SFIP only covers direct physical loss caused by or from flooding. Plaintiffs' supplemental claim is based on the square footage cost of a new upgraded dwelling without regard to the actual physical loss caused by or from the flooding. In addition to only insuring against physical loss by or from flooding, the SFIP excludes coverage for upgrades and requires the use of material that is of like kind and quality, which Plaintiffs' formula disregards. *See* FEMA-000005 and FEMA-000039. Finally, the SFIP has a policy limit of $30,000.00 for Increased Cost of Compliance expenses and Plaintiffs' formula makes it impossible to deduct any of these expenses in excess of that limit.

In the letter providing FEMA's determination on Plaintiffs' waiver application, the Administrator stated:

> ... you claim your damages necessitated the demolition of your dwelling as a result of the flooding. To support the amount claimed, you provided an estimate for the replacement cost of your new home. Your claim was originally reviewed by an independent adjuster, a General Adjuster with the National Flood Insurance Program and subsequently, by the Hurricane Isabel Task Force. You did receive a supplemental claim payment that was recommended by the Hurricane Isabel Task Force and paid by your Write Your Own Company, Allstate Insurance Company (Allstate). You also received the maximum payment under the Increased Cost of Compliance coverage from Allstate. All reviews of your claim including the inspection of the structure concluded the cost of the

4

new dwelling did not accurately reflect damages caused by the flood event.

Further, your waiver request resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.

*Id.*

**Plaintiffs failed to demonstrate they met any of the criteria used to determine whether to grant a waiver.** First, they failed to demonstrate any additional damages they sought were actually covered by his SFIP. Second, they took a formulaic approach based on the cost per square foot of a substantially improved home to calculate their loss that did not take into account the coverages and exclusions found within their SFIP.

Accordingly, after another comprehensive review of the claim, FEMA determined no further compensation was warranted. *Id.* Plaintiffs' waiver application was denied for a multitude of reasons, but primarily because they failed to document any physical loss by or from flood covered under his SFIP for which they did not receive full compensation.

IV. **Plaintiffs' Assertions**

Plaintiffs arguments in Opposition to FEMA's Supplemental Motion for Summary Judgment is found at pages 40 to 42 of Document 677. In summary, Plaintiffs believe that FEMA did not take into account the extent of the damage to their home when there was water level in the interior up to 5 feet 9 inches and water in the residence for up to 63 hours. Id at 40. They feel that FEMA did not properly take into account the determination of the Baltimore County Government that the cost to repair exceeded 50% of the assessed value of the home. FEMA is accused of engaging in "low ball tactics". Id at 41. Plaintiffs find FEMA position on the

5

amount of damages to be arbitrary and capricious. Plaintiffs also defend using the cost per square foot of new construction as a formula for assessing the cost to be applied to the damaged dwelling. Id at 41 to 42. Plaintiffs also disagree with the statements of Ms. Christian in her Declaration that insufficient proof was submitted pointing to 17 pages of documents submitted at FEMA 000039 to 000056. Plaintiffs state that they did not base their shortfall on the cost of building a substantially improved structure, but on the cost per square foot based on their old, storm damaged structure.

V. **Special Master's Analysis**[2]

As FEMA notes in its Reply at page 8, these Plaintiffs waiver claim was squarely based on the now rejected square foot formula of new construction as applied to the original square footage of the damaged house. This formula has been found wanting by FEMA, the Special Master and the court in its February 17, 2011 opinion (Document 597 at pages 8 to 9) and again in the July 1, 2011 memorandum opinion (Document 679 at page 5). The U. S. District Court has reaffirmed this

---

[2] In their Oppositions at Document No. 677 at Pages 3 to 9, Group Five Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

view in the Memorandum Opinion issued on August 3, 2011. See Document 693.

The Special Master does not find that Plaintiffs have presented any other arguments that merit any further detailed consideration. The Baltimore County government letter was considered by FEMA and in fact it formed the basis for payment of the full amount ($30,000) of the ICC claim that is available under the policy. FEMA considered the documentation submitted in the waiver application and ,as is set forth in Part III above, FEMA articulated reasonable explanations for rejecting Plaintiffs' waiver application. It found the proof submitted insufficient to alter its prior determinations that had been made by Allstate and the adjusters who reviewed the claim as well as the Hurricane Isabel Task Force who reviewed the claim before the waiver claim was made. It was within Allstate and FEMA's discretion to evaluate the evidence presented and determine what evidence it found credible and most in accord with the requirements of the SFIP. The Special Master sees no basis to conclude that FEMA's position on denial of a waiver to be arbitrary or capricious or an abuse of discretion.

### VI.     Recommendation of the Special Master

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's

determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiffs' Motion for Summary Judgment be denied.

|   August 4 , 2011   |   /S/   |
|---|---|
| Date | Dennis M. Sweeney |
| | Special Master |