IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| ) | 8:05-CV-01547 |
| v. ) | |
| ) | |
| COMPUTER SCIENCES CORPORATION, ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

REPORT AND RECOMMENDATION CONCERNING
WAIVER CLAIM OF MARY ANN MARKS

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Mary Ann Marks pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 309 pages labeled FEMA-000001 to 000309.

I.  Background

Plaintiff's property located at 909 Oakdene Road in Baltimore, Maryland, was insured through the National Flood Insurance Program ("NFIP") by and

through a Standard Flood Insurance Policy ("SFIP") issued by Allstate Insurance Company ("Allstate"), in its capacity as a Write Your Own ("WYO") Program participating insurance company, pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA" – 42 U.S.C. §4001, *et seq*.). *Id.* Allstate issued Plaintiff's SFIP Number 0803965433 with a coverage limit of $250,000.00 for her building and $55,100.00 in contents coverage, each with a separate $1,000.00 deductible. *See* FEMA-000005 and FEMA-000075.

On September 19, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiff's home. *See* FEMA-000109. On September 20, 2003, Plaintiff reported her loss to FEMA. *Id.* An independent adjuster was assigned to assist the insured with the loss "as a courtesy only" per SFIP Article VII(J)(5), (7) and (8). *Id.*

Plaintiff submitted Proofs of Loss for, and was actually paid, $132,051.03 by Allstate for building damages and the full policy limits of $30,000.00 in Increased Cost of Compliance ("ICC") benefits. *See* Exhibit A-2 at Document 637-2 which is the Raske Dec., Doc. No. 396-2.[1] Plaintiff's waiver application contends she was paid $159,126.85, but Allstate's records do not reflect this total.

Plaintiff submitted Proofs of Loss for, and was paid $31,218.68 for her damaged contents by Allstate. *Id.* and FEMA-000005.

The total amount paid to Plaintiff by Allstate for damages to the building, her contents, and Increased Costs of Compliance efforts was $193,269.71. *See*

---

[1] In her Declaration in this matter, Ms. Christian relied on the previously filed Declaration of Jason Raske who was a Flood Field Manager for the Allstate National Catastrophe Team and who conducted the review of this file for Allstate, the WYO carrier on this claim. The Declaration was filed as Document No. 396-2 in this litigation.

Raske Dec., Doc. No. 396-2.

Plaintiff did not submit a timely, signed and sworn Proof of Loss meeting the requirements of Article VII(J) of her SFIP for any amounts greater than the $193,269.71 that she was paid by and through Allstate, and Plaintiff has not produced documentation to support a greater claim payment.

**II.     Waiver Claim and Denial**

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Doc. No. 196 and Doc. No. 197, Order of December 4, 2007. On February 25, 2008, Plaintiff filed a document entitled "PLAINTIFF MARY ANN MARKS' INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." In this document, Plaintiff indicates that she will furnish documents to support her request for a waiver at some point in the future. *See* FEMA 000006. Plaintiff stated that her total losses were "in excess" of $195,000.00. *Id.* FEMA denied the request for a waiver of the proof of loss requirements in a letter dated July 31, 2008. See FEMA-000055 to 000056.

**III.    Reasons for Waiver Denial**

The reasons for the denial of the Waiver Claim are found at ¶¶12-17 of the Supplemental Declaration of Karen Christian for the Claim of Mary Ann Marks. Document 637-2. It states:

> On July 31, 2008, the Federal Insurance Administrator denied Plaintiff's request for a waiver of the proof of loss requirements, and one of the reasons given by the Administrator for the denial is the failure on the part of Plaintiff to include documentation supporting her claim for additional benefits. *See*

3

FEMA-000055 and FEMA-000056. In Plaintiff's shortfall calculation it is also stated that Plaintiff (and her counsel) are still awaiting documentation to prove her request. *See* FEMA-000015.

Furthermore, based upon the waiver request submitted, it is not possible to determine what amounts are being sought by Plaintiff. Nowhere does Plaintiff specifically state the total dollar amount expended in repairing the structure. Instead, Plaintiff states that it was "in excess" of $195,000.00. *See* FEMA-000005. In this waiver application, Plaintiff asserts she is owed an additional $4,873.15 under her building coverage for the total repair costs, but unexplainably, Plaintiff also asserts on that same page of her waiver request that the building shortfall is $8,086.00. *Id.* Finally, Plaintiff asserts she is owed an additional $22,882.00 for damaged contents in her home. *Id.*

When reviewing Plaintiffs' waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000055 and FEMA-000056. Specific to this case, the Administrator considered the following whether:

> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate documentation supporting the additional compensation being requested; and
>
> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

In the letter providing FEMA's determination on Plaintiff's waiver application the Administrator stated the following :

> . . . you have not demonstrated additional covered damage exists for which you have not been paid.
>
> Specifically, you claim your actual damages for personal property were greater than your policy limits and exceeded the amount paid by your Write Your Own company, Allstate Insurance (Allstate). You also received the maximum amount payable

4

under the Increased Cost of Compliance coverage from Allstate. To support the amount of your supplemental claim, you provided calculations of the difference between your expenditures and amount paid. No verifiable documentation was submitted to substantiate the additional claimed damages. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force. All reviews of your claim concluded the carrier's evaluation was accurate.

Further, your waiver request resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.

*Id.*

**Plaintiff failed to demonstrate she met any of the criteria used to determine whether to grant a waiver.** First, she failed to demonstrate any additional damages she sought were actually covered by her SFIP. Second, she did not submit any documentation of uncompensated damages caused directly by flooding.

Accordingly, after another comprehensive review of the claim, FEMA determined no further compensation was warranted. *Id.* Plaintiff's waiver application was denied for a multitude of reasons, but primarily because she failed to document any physical loss by or from flood covered under her SFIP for which she did not receive full compensation.

IV. **Plaintiffs' Assertions**

In Plaintiff's Opposition, Document 678, there is no argument made about why Plaintiff Mary Ann Marks's claim for waiver should have been granted and no discussion of her particular claim and its circumstances is

5

included. Plaintiff does ask the court to grant her summary judgment in the amount of $27,775.15. Id at page 50.

V. **Special Master's Analysis**[2]

FEMA in its Reply, Document 688 at pages 7 to 8, summarizes the status of this claim:

Mary Ann Marks ("Plaintiff") is mentioned in the introductory paragraph and in the conclusion of the Opposition filed on behalf of the Group Five Plaintiffs. She simply demands FEMA compensate her $27,775.15. Plaintiff provides no argument in support of her claim and by silence concedes FEMA's determination on her waiver application was not arbitrary, capricious or contrary to law. Plaintiff failed to submit documents to support her waiver application and stated she was ". . .currently gathering documentation for costs and intends to submit in due course." See FEMA-000005. As this Court recently noted there is no reason why a Plaintiff should not have been prepared to submit a fully articulated claim to FEMA in a waiver application. See Memorandum Opinion of July 1, 2011 at 6. Plaintiff failed to prosecute her claim for a long time and dismissal is clearly warranted.

FEMA summary is correct and in the Special Master's view Plaintiff has shown no basis for the grant of her motion for summary judgment or denial of FEMA's Supplemental Motion for Summary Judgment. Plaintiff

---

[2] In their Oppositions at Document No. 677 at Pages 3 to 9, Group Five Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

has had years to document her claim and has simply failed to do so. There is no indication of arbitrary or capricious action in denying the waiver claim, nor is there any abuse of discretion shown.

VI. **Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

| | |
|---|---|
|    August 4 , 2011    |    /S/ |
| Date | Dennis M. Sweeney |
| | Special Master |