IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL.    )<br>                                                                     )<br>           Plaintiffs,                           )<br>                                                                     )<br>v.                                                               )<br>                                                                     )<br>COMPUTER SCIENCES CORPORATION,   )<br>ET AL.                                                   )<br>                                                                     )<br>           Defendants.                        )<br>_____) | Civil Action No.<br>8:05-CV-01547 |

REPORT AND RECOMMENDATION CONCERNING
WAIVER CLAIM OF DOROTHEA REILLY

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Dorothea Reilly pursuant to Part 1.f of the Memorandum Order of the Court (Document 467).  In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order.  As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case.  The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order.  In this case, the documents consist of 633 pages labeled FEMA-000001 to 000633.

I.      **Background**

Plaintiff's property located at 2809 3rd Street in Baltimore, Maryland, was

insured under the National Flood Insurance Program ("NFIP") by and through a Standard Flood Insurance Policy ("SFIP") issued by Westfield Insurance Company ("Westfield"), pursuant to the National Flood Insurance Act of 1968, as amended (the "NFIA" – 42 U.S.C. §4001, *et seq.*).  Westfield issued Plaintiff's Policy Number 1755804663 with a coverage limit of $110,000.00 for her building.  Declaration of Kim Berger (Document 311-2) at ¶2[1].  Plaintiff did not maintain any contents coverage. *Id.*

On September 19, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiff's home.  Plaintiff submitted a Proof of Loss for for $54,370.89 for the damage to her building, and Westfield paid her that amount in full.  *Id.* at ¶8.  Plaintiff also submitted an Increased Cost of Compliance ("ICC") Proof of Loss for $29,350.00 and Westfield paid that amount in full.  *Id.*  FEMA contends that Plaintiff did not submit any other timely Proof of Loss.  *Id.* at ¶ 13.

**II.     Waiver Claim and Denial**

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA.  *See* Order of December 4, 2007, Doc. No. 196 and Doc. No. 197.  On February 25, 2008, Plaintiff submitted to FEMA a document entitled "PLAINTIFF DOROTHEA REILEY'S INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS."  The waiver application requested that FEMA compensate Plaintiff an additional

---

[1] The Berger Declaration filed on April 2, 2008 is relied on by Karen Christian in her Supplemental Declaration.  See Document 660-1 paragraphs 2 to 10.

$21,588.79.  See FEMA-000005.

Plaintiff's waiver application provided:

> Applicant was paid $54,370.89 for benefits for damage caused by the flood.  Applicant demolished the former structure and built new construction.  Calculations were made by determining the price per square foot of her new construction, and determining the amount it would have cost her to replace her original home.  Applicant's shortfall is $21,588.79.

Plaintiff also provided a breakdown of the her calculations.  See FEMA-000052 and FEMA-000053.

FEMA denied the request for a waiver of the proof of loss requirements in a letter dated August 18, 2008.  See FEMA-0000224 to 0000225.

### III.  Reasons for Waiver Denial

As noted above, the denial letter dated August 18, 2008 explained that the waiver claim was being denied. See FEMA-0000224 to 0000225. Additional reasons for the denial of the Waiver Claim are found at ¶¶47-50 of the Supplemental Declaration of Karen Christian for the Claims of Dorothea Reilly, James and Barbara Richmond, John and Frances Schmidt, Edward and Tammy Schwartz, and Gerardo and Debra Simon (Document 660-1).  It states:

> Plaintiffs' method of calculating their damages by taking the square footage of their original structure and multiplying it by the cost per square foot of their new upgraded structures fails to account for the SFIP's coverage limits and exclusions.  Plaintiffs' "Shortfall Itemization" lists do not actually include any detailed itemization that could be used for a meaningful comparison to the adjusters' estimates.
>
> Plaintiffs presented no evidence challenging the repair estimates provided by their insurers.  The SFIP only covers direct physical loss caused by or from flooding.  Plaintiffs' supplemental claims are based on the square footage cost of a new upgraded dwelling

3

without regard to the actual physical loss caused by or from the flooding. In addition to only insuring against physical loss by or from flooding, the SFIP excludes coverage for upgrades and requires the use of material that is of like kind and quality, which Plaintiffs' formula based claims disregard. *See* General Declaration of Karen Christian, Exhibit A at ¶¶ 16 and 17, Doc. No. 474-1. Finally, the SFIP has a policy limit of $30,000.00 for Increased Cost of Compliance expenses and Plaintiffs' formula based claims make it impossible to separate out those expenses.

**Plaintiffs failed to demonstrate they met any of the criteria used to determine whether to grant a waiver.** They failed to demonstrate any additional damages they sought were actually covered by their SFIP. They all based their supplemental claims on a formula that took the cost per square foot of a substantially improved home to calculate their loss that did not take into account the coverages and exclusions found within their SFIPs.

Accordingly, each of the aforementioned Plaintiffs' claims received a comprehensive review as a result of their waiver application. FEMA determined none of these Plaintiffs were entitled to additional compensation. Plaintiffs' waiver applications were denied for a multitude of reasons, but primarily because they all failed to document any physical loss by or from flood covered under their SFIPs for which they did not receive full compensation for.

IV. **Plaintiff's Assertions**

Plaintiff's contentions are found at pages 12 to 16 of the Plaintiffs' Oppositions (Document 713). Plaintiff contends that her home was found by Baltimore County to be "substantially damaged" and that her decision to rebuild rather than repair was reasonable and the cost incurred was a

4

"reasonable sum" given that the repair cost as Plaintiff determined it was greater than the Replacement Cost Value at FEMA 000590.

Plaintiff asserts that her waiver application for an additional $21, 588.79 was done in connection with the court's direction and that the POL filed was timely and that the 223 pages of documentation were more than sufficient to support the claim for additional compensation.  Document 713 at pages 13 to 14.  Plaintiff also believes that FEMA's characterization of  whether Plaintiff's claim is one for ICC coverage is erroneous. Id at page 14.  Plaintiff also believes that FEMA statement that there is no detailed itemization of the waiver claim is erroneous given the number of documents submitted. Id at page 14. Plaintiff asserts that FEMA's statement that no "meaningful comparison" could be made to the adjuster's estimates is wrong and that FEMA did not conduct a "true review" of the waiver application given the documentation that Plaintiff submitted. Id at pages 14 to 15.

Plaintiff also contests FEMA's determination that the formula based on the cost per square foot of a substantially improved home to calculate their loss was erroneous is not supported by the facts of this claim.  Id at 15. Plaintiff believes there is "something fundamentally wrong here when FEMA argues that the 'Plaintiffs' formula based claims disregard" the SFIP."  Plaintiff argues that the formula shows the actual costs associated with her rebuilding  and supports her claim under the SFIP.  Id at page 16.

Plaintiff also argues that rebuilding rather replacing is reasonable considering the circumstances faced by the Plaintiff. Id at page 16.

V.   **Special Master's Analysis**[2]

There is no question that Plaintiff's waiver application was based on the theory that Plaintiff should be compensated based on the price per square foot of new construction. This appears to be the only argument advanced by the Plaintiff in the 2008 waiver application that is now being reviewed. See FEMA 000005 and 000052 to 000053. As FEMA notes in its Reply (Document 715) at page 4, the "simplistic formula approach has been repeatedly rejected by the Special Master and this Court." FEMA points to the Memorandum Opinions of the court dated February 17, 2011, July 1, 2011 and August 3, 2011 that conclude that FEMA is permitted to reject this method of calculating losses.

Plaintiff's arguments in her Opposition (Document 713) as outlined above in Part IV are complaints about how Plaintiff believes that FEMA did not correctly review her claim or unfairly rejected the documentation submitted that supported the new construction costs. These arguments are

---

[2] In their Oppositions at Document No. 713 at Pages 3 to 9, Group Six Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

however in support of Plaintiff's claim for $21,588.79, see Opposition (Document 713) at page 46, and are still premised on the contention that the square foot cost of new construction is an acceptable formula for compensation. This theory having been repeatedly rejected in this litigation by the Special Master and the court is not viable no matter how recast in Plaintiff's opposition.

### VI. Recommendation of the Special Master

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

| | |
|---|---|
| September 18 , 2011 | /S/ |
| Date | Dennis M. Sweeney |
| | Special Master |