IN IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **THOMAS L. MOFFETT, II, ET AL.** ) | |
| ) | |
| **Plaintiffs,** ) | Civil Action No. |
| ) | 8:05-CV-01547 |
| v. ) | |
| ) | |
| **COMPUTER SCIENCES CORPORATION,** ) | |
| **ET AL.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

## REPORT AND RECOMMENDATION CONCERNING
## WAIVER CLAIM OF JAMES AND BARBARA RICHMOND

This constitutes the Report and Recommendation to the Court concerning the waiver claim of James and Barbara Richmond pursuant to Part 1.f of the Memorandum Order of the Court (Document 467).  In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order.  As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case.  The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order.  In this case, the documents consist of 144 pages labeled FEMA-000001 to 000144.

I.  **Background**

Plaintiffs' property located at 9118 Hinton Avenue in Baltimore, Maryland, was insured under a Standard Flood Insurance Program ("SFIP") issued by Selective Insurance Company of America ("Selective"). Selective issued Plaintiffs Policy Number FLD0000084561 with a coverage limit of $138,000.00 for their building. Declaration of Deborah Gangemi (Document 318-2)[1] at ¶2. Plaintiff did not maintain any contents coverage. *Id.*

On September 19, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiffs' home.

Plaintiffs submitted two separate Increased Cost of Compliance ("ICC") Proofs of Loss each for $12,902.50; a January 13, 2004, Proof of Loss for $31,889.32; a January 13, 2004, Replacement Cost Holdback Proof of Loss for $4,056.16; and an August 21, 2004, Proof of Loss for $3,036.21 related to the Hurricane Isabel Task Force's review of Plaintiffs' claim. *Id.* at ¶ 8. Selective paid Plaintiffs these amounts. Id.   Plaintiffs did not submit any other timely Proof of Loss. *Id.* at ¶ 13.

II.  **Waiver Claim and Denial**

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Order of December 4, 2007, Doc. No. 196 and Doc. No. 197.  On February 25, 2008, Plaintiffs submitted to FEMA a

---

[1] This Declaration was relied on by Karen Christian in her Supplemental Declaration. See Document 660-1 paragraphs 11 to 19.

2

document entitled "PLAINTIFF JAMES A. RICHMOND'S INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." The waiver application requested that FEMA compensate Plaintiffs an additional $80,976.95.  *See* FEMA-000005.

> Plaintiff's waiver application provided:
>
> Applicant was paid $38,991.69 in benefits for damages to the structure located at 9118 Hinton Avenue, Baltimore, MD and incurred a deductible of $1,000.00.  He was also paid in full for the elevation of his home in the amount of $25,805.05.  Applicant's shortfall is determined by calculating the price per square foot of new construction and determining the costs for the prior home. Applicant's shortfall is $80,976.95.

Plaintiff also provided a breakdown of the calculation.  *See* FEMA-000052 and FEMA-000040. FEMA denied the request for a waiver of the proof of loss requirements in a letter dated July 31, 2008.  See FEMA-000057 to 000058.

### III.     Reasons for Waiver Denial

As noted a denial letter was issued by FEMA dated July 31, 2008. See FEMA -000057 to 000058. The reasons for the denial of the Waiver Claim are found at ¶¶47-50 of the Supplemental Declaration of Karen Christian for the Claims of Dorothea Reilly, James and Barbara Richmond, John and Frances Schmidt, Edward and Tammy Schwartz, and Gerardo and Debra Simon.  It states:

> Plaintiffs' method of calculating their damages by taking the square footage of their original structure and multiplying it by the cost per square foot of their new upgraded structures fails to account for the SFIP's coverage limits and exclusions.   Plaintiffs' "Shortfall Itemization" lists do not actually include any detailed itemization that could be used for a meaningful comparison to the adjusters' estimates.

Plaintiffs presented no evidence challenging the repair estimates provided by their insurers. The SFIP only covers direct physical loss caused by or from flooding. Plaintiffs' supplemental claims are based on the square footage cost of a new upgraded dwelling without regard to the actual physical loss caused by or from the flooding. In addition to only insuring against physical loss by or from flooding, the SFIP excludes coverage for upgrades and requires the use of material that is of like kind and quality, which Plaintiffs' formula based claims disregard. *See* General Declaration of Karen Christian, Exhibit A at ¶¶ 16 and 17, Doc. No. 474-1. Finally, the SFIP has a policy limit of $30,000.00 for Increased Cost of Compliance expenses and Plaintiffs' formula based claims make it impossible to separate out those expenses.

**Plaintiffs failed to demonstrate they met any of the criteria used to determine whether to grant a waiver.** They failed to demonstrate any additional damages they sought were actually covered by their SFIP. They all based their supplemental claims on a formula that took the cost per square foot of a substantially improved home to calculate their loss that did not take into account the coverages and exclusions found within their SFIPs.

Accordingly, each of the aforementioned Plaintiffs' claims received a comprehensive review as a result of their waiver application. FEMA determined none of these Plaintiffs were entitled to additional compensation. Plaintiffs' waiver applications were denied for a multitude of reasons, but primarily because they all failed to document any physical loss by or from flood covered under their SFIPs for which they did not receive full compensation for.

IV. **Plaintiffs' Assertions**

Plaintiffs contentions as to why FEMA's waiver determination is in error are found at pages 17 to 21 of the Plaintiffs' Oppositions (Document 713). Plaintiff disagrees with the waiver determination made by FEMA. They assert that they filed a waiver application in compliance with the court's

directive and submitted adequate documentation to support the claim. Document 713 at pages 17 to 18. Plaintiffs also contend that they were able, contrary to FEMA's assertions, to separate out the ICC claim from that made in the waiver application . Id at 18.  Plaintiffs contend that no "true review" of the waiver application took place, Id at 19, and that rebuilding rather than repairing the home built in 1952 was the only economically feasible option. Id at 19.  Plaintiffs feel that the documents submitted with the waiver application should have been sufficient to convince FEMA that the claim should have been granted. Id at 20. Plaintiffs claim that FEMA's position is "fundamentally wrong". They contend that they did not disregard the SFIP, but "they attempted, through the formula, to show the costs associated with their rebuild and substantiate their claim under the SFIP." Id at 20.

V.    **Special Master's Analysis**[2]

There is no question that Plaintiffs' waiver application was based on the theory that Plaintiff should be compensated based on the price per square foot of new construction.  This appears to be the only argument advanced

---

[2] In their Oppositions at Document No. 713 at Pages 3 to 9, Group Six Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups.  To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

in the 2008 waiver application filed by Plaintiffs that is now being reviewed. See FEMA 000005 and 000040. As FEMA notes in its Reply (Document 715) at page 4, the "simplistic formula approach has been repeatedly rejected by the Special Master and this Court." FEMA points to the Memorandum Opinions of the court dated February 17, 2011, July 1, 2011 and August 3, 2011 which concludes that FEMA is permitted to reject this method of calculating losses.

Plaintiffs' arguments in their Opposition (Document 713) as outlined above in Part IV are complaints that FEMA did not correctly review their claim or unfairly rejected the documentation submitted that supported the new construction costs. These arguments are however in support of Plaintiffs' claim for $80,976.75, see Opposition (Document 713) at page 46, and are still premised on the contention that the square foot cost of new construction is the formula for compensation. This theory having been repeatedly rejected in this litigation by the special master and the court is not viable no matter how recast in Plaintiff's opposition.

### VI.  Recommendation of the Special Master

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiffs' waiver application be granted; and it is further recommended that Plaintiffs' Motion for Summary Judgment be denied.

<u>September 18 , 2011</u>                             <u>                          /S/          </u>
      Date                                                      Dennis M. Sweeney
                                                             Special Master