IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL. ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. |
| ) | 8:05-CV-01547 |
| v. ) | |
| ) | |
| COMPUTER SCIENCES CORPORATION, ) | |
| ET AL. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**REPORT AND RECOMMENDATION CONCERNING**
<u>**WAIVER CLAIM OF DELMUS SIMMONS**</u>

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Delmus Simmons pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 671 pages labeled FEMA-000001 to 000671.

**I.	Background**

Plaintiff's property located at 307 Avondale Road, Baltimore was insured

under a Standard Flood Insurance Policy ("SFIP" or "Policy"), Policy Number 6-0043-2055-9, which was purchased from Standard Fire with a policy period of October 12, 2002 through October 12, 2003. *See* Doc. No. 299-1 at 2 and FEMA-000005. Plaintiff's structure was insured up to $53,000.00 subject to a $1,000.00 deductible. *Id.* Plaintiff did not maintain any contents coverage.

On September 18, 2003, Hurricane Isabel struck the coast of Maryland causing damage along the coast including the insured structure owned by Plaintiff. *See* Doc. No. 299-2 at 2.

Plaintiff's home was a single family dwelling tenant-occupied. *See* FEMA-000056. Accordingly, Plaintiff did not qualify for replacement cost compensation since it was not her primary residence. Plaintiff's structure was constructed in 1935. *Id.* The flood resulted in 12 inches of water inside and a waterline of 36 inches on the exterior. *Id.*

Plaintiff's claim was subject to a detailed adjustment. In addition, the Hurricane Isabel Task Force, ("Task Force") reviewed Plaintiff's claim. *See* FEMA-000100. The Task Force provided an additional allowance for mold remediation and increased ductwork expenses. *Id.*

As a result of the original adjustment and the Task Force review, Plaintiff submitted timely Proofs of Loss totaling $31,454.54 and Standard Fire paid this amount in full. *See* Doc. No. 299-2 at 3 and FEMA-000005.

## II. Waiver Claim and Denial

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Order of December 4, 2007, Doc. No. 196

and Doc. No. 197. On February 25, 2008, Plaintiff submitted to FEMA a document entitled "PLAINTIFF DELMUS SIMMONS' INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." *See* FEMA-000001 through 000031. FEMA denied the request for a waiver of the proof of loss requirements in a letter dated August 18, 2008. See FEMA-000032 to 000033.

### III. Reasons for Waiver Denial

The reasons for the denial of the Waiver Claim are found at ¶¶10-16 of the Supplemental Declaration of Karen Christian for the Claim of Delmus Simmons. It states:

> Plaintiff's waiver application was woefully inadequate to support any additional compensation. Her application consisted of a total of 31 pages of documents previously submitted for review and some handwritten proposals from Spruill Brothers.
>
> The "Proposal" documents submitted by Plaintiff from Spruill Brothers were not detailed and were devoid of any unit pricing that would permit a meaningful comparison to the original adjustment and Task Force review. *See* FEMA-000023 through FEMA-000031. Further, Plaintiff was only entitled to a cash value compensation and it is not clear from the documents provided whether the lump sum amount Spruill Brothers provided was based on actual cash value or replacement cost value.
>
> The Spruill Brother estimate also includes improvements such as "New Chair Rail Molding (*See* FEMA-000023), items that could not have been damaged by the 12 inches of water that entered Plaintiff's home such as countertops (*See* FEMA-000024).
>
> When reviewing Plaintiff's waiver application, the Administrator evaluated the facts and circumstances relating to

3

the request. *See* FEMA-000032 and FEMA-000033. Specific to this case, the Administrator considered the following whether:

> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate document-tation supporting the additional compensation being requested; and
>
> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

In the letter providing FEMA's determination on Plaintiff's waiver application, the Administrator stated:
> ... you claim the flood damages to your dwelling exceeded the estimate of your Write Your Own Company, Travelers Insurance Company (Travelers). To support the amount claimed, you provided a contractor's estimate for the repair of your home. However, it does not include unit costs and provides little detail. Betterment items, which are not covered by the SFIP, are also included in the estimate. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force which resulted in a supplemental payment of $3,252.31 from Travelers. All reviews of your claim concluded the carrier's final calculation was accurate.
>
> Further, your waiver resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.
> *Id.*

Plaintiff failed to demonstrate she met any of the criteria used to determine whether to grant a waiver. Plaintiff's waiver application was woefully

**undocumented, and** failed to explain how any of the additional claimed expenses she sought were actually covered by her SFIP.

Accordingly, after another comprehensive review of the claim, FEMA determined no further compensation was warranted. *Id.* Plaintiff's waiver application was denied for a multitude of reasons, but primarily because he failed to document any physical loss by or from flood covered under her SFIP for which she did not receive full compensation for.

IV. **Plaintiff's Assertions**

Plaintiff's contentions are found at pages 26 to 28 of the Plaintiffs' Opposition (Document 713). Plaintiff disagrees with the way the adjustor in his case determined the damages and notes that the "controversial Simsol Adjusting program" was used. Plaintiff could not find a contractor to do the work needed for the amount paid by FEMA and Plaintiff contends that his claim was adequately documented by the Spruill Brothers estimates to whom they paid $48,104. Plaintiff disputes FEMA's contention that the documentation submitted by Spruill was not sufficient and that FEMA should have resolved the claim by further discussion with the parties not by outright rejection of Plaintiff's claim. Id at 27 to 28.

V.  **Special Master's Analysis**[1]

FEMA's reasons for denying the waiver claim are set out in Part III above.

In the waiver denial letter, FEMA concluded as follows:

> ... you claim the flood damages to your dwelling exceeded the estimate of your Write Your Own Company, Travelers Insurance Company (Travelers). To support the amount claimed, you provided a contractor's estimate for the repair of your home. However, it does not include unit costs and provides little detail. Betterment items, which are not covered by the SFIP, are also included in the estimate. Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force which resulted in a supplemental payment of $3,252.31 from Travelers. All reviews of your claim concluded the carrier's final calculation was accurate.
>
> Further, your waiver resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.
> *Id.*

FEMA's Reply Memorandum further explains why the Spruill Brothers proposal was not adequate or detailed enough to require further compensation. Reply at page 10. At bottom, Plaintiff's assertions seem to be that he believes that FEMA

---

[1] In their Oppositions at Document No. 713 at Pages 3 to 9, Group Six Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

should have viewed the evidence submitted more favorably than FEMA did and rely more on Spruill Brothers' proposal than FEMA's determinations from its adjustors. FEMA considered what was submitted and it appears from its waiver denial letter and the affidavit of Ms. Christian that the documents were considered and rejected because of the stated deficiencies.

Plaintiff suggests that there was an obligation for FEMA to engage in further discussion with the Plaintiff before rejecting the waiver claim. There was no obligation for FEMA to do this under the waiver review process established by the court. The denial of the waiver claim was not arbitrary or capricious action and was within FEMA's discretion.

**VI.  Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.


| _September 18, 2011_ | _____/S/_ |
| --- | --- |
| Date | Dennis M. Sweeney |
| | Special Master |