IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| THOMAS L. MOFFETT, II, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 8:05-CV-01547 |
| v. | ) | |
| | ) | |
| COMPUTER SCIENCES CORPORATION, | ) | |
| ET AL. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

REPORT AND RECOMMENDATION CONCERNING
WAIVER CLAIM OF JESSE R. SUDBROOK

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Jesse R. Sudbrook pursuant to Part 1.f of the Memorandum Order of the Court (Document 467).   In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order.  As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order.   In this case, the documents consist of 181 pages labeled FEMA-000001 to 000181.

I.      Background

        Plaintiff purchased a Standard Flood Insurance Policy ("SFIP") from State

Farm Insurance Company ("State Farm"), Policy Number 2190RA5652, to insure his property located at 3728 Chestnut Road, Baltimore, Maryland.   *See* FEMA-000005.   Plaintiff's home was insured for $146,000.00 with a $1000.00 deductible. *See* FEMA-000017.

On September 18, 2003, Hurricane Isabel struck the coast of Maryland, causing damage along the coast including the insured structure owned by Plaintiff. *See* FEMA-000019.

Plaintiff submitted Proofs of Loss for, and State Farm paid him, $51,625.60 under his building coverage. *Id.* at ¶7.   In addition, Plaintiff received the policy limit of $30,000.00 for Increased Cost of Compliance ("ICC")  related expenses.

Plaintiff sued State Farm to recover additional monies.  State Farm moved for summary judgment because Plaintiff failed to submit a timely proof of loss for additional building coverage. *See* Doc. No. 294-1.

## II.     Waiver Claim and Denial

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Order of December 4, 2007, Doc. No. 196 and Doc. No. 197.  Plaintiff submitted to FEMA an application to waive the proof of loss requirement to permit additional building coverage in the amount of $11,762.65. *Id*. at ¶9.

FEMA denied the request for a waiver of the proof of loss requirements in a letter dated July 31, 2008.  See FEMA-000036 to 000037.

III.     **Reasons for Waiver Denial**

The reasons for the denial of the Waiver Claim are found at ¶¶10-26 of the

Supplemental Declaration of Karen Christian for the Claim of Jesse R. Sudbrook.

It states:

> Plaintiff's waiver request does not identify the items damaged by
> flood, covered under the policy, and uncompensated for by State
> Farm. *Id.*
>
> Plaintiff bases his waiver request on his "Shortfall Itemization,"
> which contains a list of companies and a dollar amount for the
> work allegedly performed. *See* FEMA-000020.
>
> In his "Shortfall Itemization" Plaintiff subtracted the amount it
> allegedly cost him to repair his house from the amount he received
> from State Farm under his Increased Cost of Compliance and
> Building coverage, and alleges he is entitled to an additional
> $11,762.65.  *Id.*  ($94,388.25 (repairs) - ICC ($30,000.00) -
> $51,625.65 (Building coverage) = $11,762.65). *Id.*
>
> Plaintiff also provided six invoices/scopes of work and receipts in
> support of his "Shortfall Itemization." *Id.*
>
> The receipts do not support Plaintiff's assertion that he spent
> $94,388.25 to make repairs. *Id.*
>
> Further, there appears to be approximately $16,000.00 in receipts
> missing. *Id.*
>
> Plaintiff's "Shortfall Itemization" contains three entries for R.
> Gates Construction Co. for an amount totaling $49,735.00. *See*
> FEMA-000020.
>
> Although Plaintiff only provides two of the invoices for his entries
> for R. Gates Construction Co., the work described in these receipts
> are for work connected with elevating Plaintiff's home. *See*
> FEMA-000026 through FEMA-000028.
>
> The SFIP provides coverage to an insured to comply with State or
> local floodplain management laws affecting repair of a structure up

3

to $30,000.00. *See* 44 C.F.R. Pt. 61, Appen. A(1), Art. III(D). These types of activities include elevating a structure.

State Farm paid Plaintiff $30,000.00 (full coverage) to elevate his home under the Increased Cost of Compliance provision of the SFIP. *See* FEMA-000005 and FEMA-000020. Other than the contract for JJK Contracting in the amount of $34,600.00, the random Home Depot receipts (toilet, sink, etc.), and the dehumidifiers from Price Commercial Inc., all of the remaining invoices/estimates appear to be for the ICC expenses.

The JJK estimate in the amount of $34,600.00 includes upgraded bath ventilation that needs to be deducted. That estimate also states it did not include the sliding glass doors, Jacuzzi tub, shower, toilets, and vanities. The sliding glass doors are, in fact, included in the estimate; and the bathroom items appear in the Home Depot receipts. The labor for the bath items installation and hookups was included in the JJK $34,600 estimate.

There does not appear to be an estimate attached for "*JJK Contracting, Inc. (add'l work) $2,600.*"

Once you back out the ICC items in excess of $30,000.00 and the non-compensable items, the payments from State Farm exceed the amount Plaintiff seeks in his waiver application.

When reviewing Plaintiff's waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000036 and FEMA-000037. Specific to this case, the Administrator considered the following whether:

> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate document-tation supporting the additional compensation being requested; and
>
> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

In the letter providing FEMA's determination on Plaintiff's waiver application, the Administrator stated:

> ... you claim your flood damages exceeded the payment issued by your Write Your Own Company, State Farm Insurance Company (State Farm).  To support the amount claimed, you provided estimates and receipts for the repair of your home.  Your claim was originally reviewed by an independent adjuster and subsequently reviewed by the Hurricane Isabel Task Force which recommended a supplemental payment in the amount of $3,452.74. You also received $30,000 from State Farm for your Increased Cost of Compliance (ICC) claim for the elevation of your structure.  Review of the documents you submitted for the supplemental expenses are for the additional costs you incurred relative to the elevation of your structure, not for unpaid flood damages.  Since you have been paid the maximum amount of coverage under ICC, no additional payment is warranted.
>
> Further, your waiver resulted in a comprehensive review of your claim by a FEMA Insurance Examiner.  After further review, the Insurance Examiner found no basis to set aside the original findings.
> *Id.*

**Plaintiff failed to demonstrate he met any of the criteria used to determine whether to grant a waiver.** FEMA denied Plaintiff's waiver application because he did not identify how the uncompensated items were damaged by flood or covered under the policy.  *Id.*  Plaintiff's shortfall included many non-compensable items and moreover, FEMA denied Plaintiff's waiver application because he appeared to be requesting additional compensation for items falling under the Increased Cost of Compliance provision for, which he received the policy limit. *Id.*

Accordingly, after another comprehensive review of the claim, FEMA determined no further compensation was warranted.  *Id.* Plaintiff's waiver application was denied for a multitude of reasons, but primarily because he failed to document any physical

loss by or from flood covered under his SFIP for which he did not receive full compensation for.
.

IV.   **Plaintiff's Assertions**


Plaintiff contentions are at pages 42 to 46 of the Plaintiffs' Oppositions. Plaintiff recounts the history of the claim from her perspective.   Plaintiff disputes the amounts that the adjuster allowed in 2003 and points to the amounts allowed to another Plaintiff, Lisa Ray, for various items such as repair of outlets.   Id at 44.   Plaintiff contends that he did not receive an adequate amount given that he spent $94,388.25 to repair his home and elevate it. Plaintiff does acknowledge that he made a miscalculation in his original waiver request and on page 45 of the Oppositions seeks $5,012.65 as a revised shortfall.   Plaintiff claims her damages were not properly adjusted. Using the examples from the Ray file, Plaintiff claims that additional compensation would be due.   The variances between the Plaintiff's case and the Ray case are seen by Plaintiff as "arbitrary and capricious under compensation of Mr. Sudbrook for his flood loss." Id at 46.

Plaintiff seeks by summary judgment the amount of $5,012.65.  Id at 47.

V.    **Special Master's Analysis**[1]


In the Opposition, Plaintiff has reduced the shortfall to $5,012.65 from the

earlier figure of $11,762.65.   As FEMA notes in its Reply Memorandum

(Document 715), it is difficult to figure out how Plaintiff's claim even as

revised can be supported given the deficiencies with the R. Gates

Construction Co. Inc. documentation and the failure to set out how this

works differs from work that would have been covered by the Increased

Cost of Compliance allowances.   The Special Master agrees with FEMA

on these points.


The Plaintiff also makes comparisons between her case and the way that

another case, the Lisa Ray case, was adjusted and compensated for. As

FEMA notes this is a new argument that was not made in the waiver

application and for which FEMA did not have an opportunity to address in

the waiver determination.   In addition, the fact that the Ray case received

more compensation for certain items such as outlets and painting does not

establish that that compensation was the correct one.   It seems just as

likely that the Ray case may have been in error.   In any event, these are

---

[1] In their Oppositions at Document No. 713 at Pages 3 to 9, Group Six Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups.   To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

new arguments made for the first time in Plaintiff's Opposition and not made in the waiver application filed by Plaintiff in 2008 which is the determination that is being reviewed.

FEMA's determination of the waiver claim as is set out in Part III above is detailed and appears to be in compliance with the SFIP and the determinations made by FEMA on the waiver applications that the Special Master has reviewed.  Plaintiff's revised claim for an additional $5,012.65 is not one that FEMA is required to pay in the view of the Special Master. There is no indication that FEMA has acted in an arbitrary or capricious manner or abused its discretion.

## VI.     Recommendation of the Special Master

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

September 18 , 2011                                               /S/
    Date                                      Dennis M. Sweeney
                                                Special Master