**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Southern Division

| | |
|---|---|
| **THOMAS L. MOFFETT, II, ET AL.** ) | |
| ) | |
| **Plaintiffs,** ) | Civil Action No. |
| ) | 8:05-CV-01547 |
| v. ) | |
| ) | |
| **COMPUTER SCIENCES CORPORATION,** ) | |
| **ET AL.** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**REPORT AND RECOMMENDATION CONCERNING**
**WAIVER CLAIM OF WADE AND CHRISTINE WISNOM**

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Wade and Christine Wisnom pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 615 pages labeled FEMA-000001 to 000615.

I.   **Background**

Plaintiffs' property located at 3730 Chestnut Road, Baltimore, Maryland, was insured under a Standard Flood Insurance Program ("SFIP") policy issued by Liberty Mutual Fire Insurance Company ("Liberty Mutual"), with a coverage limit of $198,700.00 for their building and $44,400.00 on their contents. Id. at ¶ 2.

Plaintiffs submitted Proofs of Loss of $97,066.03 for the damage to the building and $44,400.00 for their contents, which Liberty Mutual paid in full. *Id.* at ¶ 8. Plaintiffs also submitted an Increased Cost of Compliance ("ICC") Proof of Loss for $30,000.00, which Liberty Mutual paid in full. Id.[1]

On July 26, 2004, the Task Force recommended a supplemental payment of $2,426.10. *See* FEMA-000126. On October 8, 2004, Plaintiffs submitted a Proof of Loss for that amount. *See* FEMA-000083.

On September 29, 2004, the Task Force recommended a supplemental payment of $2,933.87. *See* FEMA-000076. On October 8, 2004, Plaintiffs submitted a Proof of Loss for that amount. *See* FEMA-000084.

On November 10, 2004, Liberty Mutual paid Plaintiff the combined $5,359.97 recommended by the Task Force. *See* FEMA-000364.

---

[1] Plaintiff submitted a handwritten Proof of Loss with their waiver application dated April 26, 2004 seeking $250,000.00. *See* FEMA-000029. There is no documentation in Plaintiffs' claims file to establish this Proof of Loss was ever submitted to Liberty Mutual. Further, the extended deadline to file a timely Proof of Loss was January 16, 2004, which makes this Proof of Loss untimely. Finally, Plaintiffs' counsel submitted a document titled "List of Proofs of Loss Timely Submitted But Not Paid in Full." *See* Doc. No. 395. These individual Plaintiffs are not listed and their counsel concede the Proof of Loss included with this waiver application was not timely submitted. *Id.*

2

Plaintiffs state Proofs of Loss in the amounts of $2,426.10 and $2,347.09 remain "UNPAID." *See* FEMA-000005. FEMA asserts that this is incorrect. FEMA notes that Liberty Mutual combined the two Task Force payments. The July 26, 2004 Task Force recommendation was for a supplemental payment of $2,426.10 based on replacement cost value. *See* FEMA-000126. The September 29, 2004 Task Force recommendation was for a supplemental payment of $2,933.87 based on replacement cost value, which represented $2,347.09 (the amount Plaintiff claims is unpaid) in actual cash value and $586.78 in recoverable deprecation. *See* FEMA-000076. Adding the $2,426.10, $2,347.09 and $586.78 results in a total of $5,359.97, which Plaintiff does acknowledge was paid (*see* FEMA-000005).

## II.  Waiver Claim and Denial

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Order of December 4, 2007, Doc. No. 196 and Doc. No. 197. On February 25, 2008, Plaintiffs submitted to FEMA a document entitled "Plaintiffs Wade H. Wisnom and Christine J. Wisnom's Individual Application for Waiver of Proof of Loss Requirements." The waiver application requested that FEMA compensate Plaintiff an additional $70,496.78. *See* FEMA-000005.

FEMA denied the request for a waiver of the proof of loss requirements in a letter dated July 31, 2008. See FEMA-000069 and 000070.

### III. Reasons for Waiver Denial

The reasons for the denial of the Waiver Claim are found at ¶¶23-26 of the Supplemental Declaration of Karen Christian for the Claims of Janice Vincent, and Wade and Christine Wisnom (which were combined to address issues pertinent to both Plaintiffs). It states:

> Plaintiffs' method of calculating their damages by taking the square footage of their original structure and multiplying it by the cost per square foot of their new upgraded structures fails to account for the SFIP's coverage limits and exclusions. Plaintiffs' "Shortfall Itemization" lists do not actually include any detailed itemization that could be used for a meaningful comparison to the adjusters' estimates.
>
> Plaintiffs presented no evidence challenging the repair estimates provided by their insurers. The SFIP only covers direct physical loss caused by or from flooding. Plaintiffs' supplemental claims are based on the square footage cost of a new upgraded dwelling without regard to the actual physical loss caused by or from the flooding. In addition to only insuring against physical loss by or from flooding, the SFIP excludes coverage for upgrades and requires the use of material that is of like kind and quality, which Plaintiffs' formula based claims disregard. *See* General Declaration of Karen Christian, Exhibit A at ¶¶ 16 and 17, Doc. No. 474-1. Finally, the SFIP has a policy limit of $30,000.00 for Increased Cost of Compliance expenses and Plaintiffs' formula based claims make it impossible to separate out those expenses.
>
> **Plaintiffs failed to demonstrate they met any of the criteria used to determine whether to grant a waiver.** They failed to demonstrate any additional damages they sought were actually covered by their SFIP. They all based their supplemental claims on a formula that took the cost per square foot of a substantially improved home to calculate their loss that did not take into account the coverages and exclusions found within their SFIPs.
>
> Accordingly, each of the aforementioned Plaintiffs' claims received a comprehensive review as a result of their waiver application. FEMA determined none of these Plaintiffs were

entitled to additional compensation. Plaintiffs' waiver applications were denied for a multitude of reasons, but primarily because they all failed to document any physical loss by or from flood covered under their SFIPs for which they did not receive full compensation for.

IV. **Plaintiffs' Assertions**

Plaintiffs in their Opposition (Document 735) state several areas where they now contend that FEMA made errors in the evaluation of the claim. See the Opposition at pages 20 to 24. Plaintiffs complain about the use of the Marshall Swift calculator formula for assessing the damages and feel that the damages calculated were too low and not consistent with earlier calculations about the value of the house. Id at page 21. Plaintiffs also assert that FEMA did not accept the Free-State General Contractors estimates that recommended that the home be razed and a new home built. Id at page 22. Plaintiffs disagree with the FEMA Task Force review and particularly the failure to compensate for the floor joists. Id at page 23. Finally, pointing to another claim before the court, the Janice Vincent claim, the Plaintiffs believe that Ms. Vincent's received different valuations on damages than they did and they believe that this shows a lack of consistency with how the claims were being adjusted. Id at page 24. Plaintiffs believe that they should receive their claim for shortfall of $95,774.00 and that FEMA's failure to pay that amount is arbitrary and capricious. Id.

V.  **Special Master's Analysis**[2]

FEMA in its Reply Memorandum (Document 736 ) at pages 4 to 5, argue that Plaintiffs waiver application was based on the cost per square foot formula as the sole basis for that waiver application and that formula has been repeatedly and squarely rejected by the Special Master and the Court. The Special Master agrees with FEMA that the Court's prior rulings on that point squarely rejects the basis upon which the waiver application was premised. As a result, the denial was not arbitrary and capricious.

Plaintiffs have raised new issues not highlighted or directly made in their waiver application and these do not need to be addressed since they were not listed in the waiver application as a basis for review. However, it appears that even if they had been raised that they would not be a basis for determining that FEMA has acted in an arbitrary and capricious fashion. The Special Master and the Court have rejected in other cases that use of the Marshall- Swift methods for adjusting was inappropriate or in error. Additionally, the fact that Plaintiffs' contractor viewed the damages to the house differently than the adjusters relied on by FEMA is not a grounds that demonstrates that FEMA was in error. The Task Force review that

---

[2] In their Oppositions at Document No. 735 at Pages 3 to 8, Group Seven Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

did not grant all of the claim including that for the floor joists was not a subject that was brought up earlier and should not be a basis for action by the Court at this late stage.

Finally, counsel now comparing how this claim was adjusted compared to the Vincent claim is not only a new argument, but there is no evidence in this record that the Vincent adjustment was the correct one and these Plaintiffs' adjustment is the wrong one. It could be just the opposite. Without expert testimony or reports none of which were submitted with the waiver application, the Special Master does not have a basis for determining that FEMA was arbitrary or capricious in how this claim was adjusted or paid by FEMA.

VI. **Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiffs' waiver application be granted; and it is further recommended that Plaintiffs' Motion for Summary Judgment be denied.

 November 27 , 2011                                         /S/
    Date                                     Dennis M. Sweeney
                                                Special Master