IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| THOMAS L. MOFFETT, II, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| | ) | 8:05-CV-01547 |
| v. | ) | |
| | ) | |
| COMPUTER SCIENCES CORPORATION, ET AL. | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION CONCERNING
## WAIVER CLAIM OF JANICE VINCENT

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Janice Vincent pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 615 pages labeled FEMA-000001 to 000615.

**I.  Background**

Plaintiff's property located at 104 West Kingston Park Lane, Baltimore,

Maryland, was insured under a Standard Flood Insurance Policy ("SFIP") issued by Harleysville Mutual Insurance Company ("Harleysville"), with a coverage limit of $250,000.00 for her building and $60,000.00 for her contents.

On September 18, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiff's home.

Plaintiff submitted Proofs of Loss, and on January 16, 2004, was paid $66,868.23 for the damage to her structure (*see* FEMA-000381) and $10,403.27 for the damage to her contents (*see* FEMA-000283). $3,294.00 of the compensation for her structure was used to cover additional premiums as a result of reforming her policy (*see* FEMA-000383), and on April 29, 2004, Plaintiff was paid her recoverable depreciation of $7,558.23) (*see* (FEMA-000378). Plaintiff also submitted an Increased Cost of Compliance ("ICC") Proof of Loss for $30,000.00, which Harleysville paid in full. *See* FEMA-000322.

Plaintiff requested review by the Hurricane Isabel Task Force ("Task Force"). *Id*. at ¶9. The Task Force recommended a supplemental payment of $14,436.83 ($12,242.16 for damage to her structure and $2,194.67 for her contents loss), which was paid by Harleysville. *See* FEMA-000375.

**II.  Waiver Claim and Denial**

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Order of December 4, 2007, Doc. No. 196 and Doc. No. 197. On February 25, 2008, Plaintiff submitted to FEMA a document entitled "Plaintiff Janice Vincent's Individual Application for Waiver of

2

Proof of Loss Requirements." . The waiver application requested that FEMA compensate Plaintiff an additional $70,496.78. *See* FEMA-000005.

FEMA denied the request for a waiver of the proof of loss requirements in a letter dated July 31, 2008. See FEMA-000055 and 000056.

III. **Reasons for Waiver Denial**

The reasons for the denial of the Waiver Claim are found at ¶¶23-26 of the Supplemental Declaration of Karen Christian for the Claims of Janice Vincent, and Wade and Chriostine Wisnom (which were combined to address issues pertinent to both Plaintiffs). It states:

> Plaintiffs' method of calculating their damages by taking the square footage of their original structure and multiplying it by the cost per square foot of their new upgraded structures fails to account for the SFIP's coverage limits and exclusions. Plaintiffs' "Shortfall Itemization" lists do not actually include any detailed itemization that could be used for a meaningful comparison to the adjusters' estimates.
>
> Plaintiffs presented no evidence challenging the repair estimates provided by their insurers. The SFIP only covers direct physical loss caused by or from flooding. Plaintiffs' supplemental claims are based on the square footage cost of a new upgraded dwelling without regard to the actual physical loss caused by or from the flooding. In addition to only insuring against physical loss by or from flooding, the SFIP excludes coverage for upgrades and requires the use of material that is of like kind and quality, which Plaintiffs' formula based claims disregard. *See* General Declaration of Karen Christian, Exhibit A at ¶¶ 16 and 17, Doc. No. 474-1. Finally, the SFIP has a policy limit of $30,000.00 for Increased Cost of Compliance expenses and Plaintiffs' formula based claims make it impossible to separate out those expenses.
>
> **Plaintiffs failed to demonstrate they met any of the criteria used to determine whether to grant a**

3

waiver. They failed to demonstrate any additional damages they sought were actually covered by their SFIP. They all based their supplemental claims on a formula that took the cost per square foot of a substantially improved home to calculate their loss that did not take into account the coverages and exclusions found within their SFIPs.

Accordingly, each of the aforementioned Plaintiffs' claims received a comprehensive review as a result of their waiver application. FEMA determined none of these Plaintiffs were entitled to additional compensation. Plaintiffs' waiver applications were denied for a multitude of reasons, but primarily because they all failed to document any physical loss by or from flood covered under their SFIPs for which they did not receive full compensation for.

IV. **Plaintiff's Assertions**

Plaintiff's specific allegations are contained at pages 16 to 20 of the Opposition (Document No. 735). Plaintiff claims that she should have been paid an additional $70,496.78 than that already paid for this claim. Plaintiff claims that the home should have been declared a total loss and asserts that she had no option but to build a new home. Id at page 19. Plaintiff disagrees with FEMA's adjustment of the claim and believes that it did not take into account the extent of the damage to the house particularly that caused by the spillage from the fuel oil tank which caused considerable damage and that FEMA did not properly evaluate the Baltimore County tax assessment to determine the extent of the damages to the home. Id.

4

V.  **Special Master's Analysis**[1]

There is no doubt that Plaintiff vigorously disagrees with FEMA's position on the damage to the home and the failure to pay the maximum amount allowable under the policy. However, as FEMA points out in its Reply (Document 736), Plaintiff in asking for a review relied on the cost per square foot formula as the basis for the application and this argument has been repeatedly rejected by the Special Master and the Court. Id at page 4.

The specific other arguments made by Plaintiff were not set out in the waiver application and should not now be considered. In any event, they appear to be disagreements over how the evidence presented was weighed and considered by the multiple level of reviews that FEMA provided in the claims adjudication and administrative review process. Plaintiff does not present a convincing case that there was an arbitrary or capricious denial of the waiver application.

---

[1] In their Oppositions at Document No. 735 at Pages 3 to 8, Group Seven Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

## VI. Recommendation of the Special Master

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

| | |
|---|---|
| _November 27_, 2011 | /S/ |
| Date | Dennis M. Sweeney |
| | Special Master |