IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| THOMAS L. MOFFETT, II, ET AL. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> COMPUTER SCIENCES CORPORATION, ) <br> ET AL. ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No. <br> 8:05-CV-01547 |

REPORT AND RECOMMENDATION CONCERNING
<u>WAIVER CLAIM OF ROBERT THOMSEN</u>

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Robert Thomsen pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 243 pages labeled FEMA-000001 to 000243.

I.     **Background**

Plaintiff purchased a Standard Flood Insurance Policy ("SFIP") issued by Allstate Insurance Company ("Allstate") to insure his property located at 7818

Deboy Avenue, Baltimore, Maryland, from damage caused by flooding. *See* FEMA-000062 and FEMA-000117. Plaintiff concedes Allstate issued his SFIP of Policy Number 1804452793 with a building coverage limit of $189,000.00 subject to a $5,000.00 deductible. *See* FEMA-000005. However, Plaintiff mistakenly claims a coverage limit of $25,000.00 for contents. *Id.* Plaintiff's SFIP, as of the date of loss, did not include contents coverage. *See* FEMA-000062 and FEMA-000117.

On September 18, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiff's home. *See* FEMA-000118. Plaintiff reported his loss to FEMA on September 22, 2003. *Id.* An independent adjuster, Sean Westerlund, was assigned to assist Plaintiff with the loss "as a courtesy only" per SFIP Article VII (J)(5), (7) and (8), and later, the claim was re-assigned to a different adjuster, Preston Kuhn. *Id.*

Plaintiff's home had forty-two (42) inches of water in his basement from the Hurricane, with no water reaching the first floor. *See* FEMA-000071 and FEMA-000073 and FEMA-000074. The limited coverages for damage to basements were explained to Plaintiff. *Id.*

The adjuster determined Plaintiff was eligible for $2,266.84 in compensation, and he submitted a Proof of Loss along with a Statement as to Full Cost to Repair or Replace for that total amount, which Allstate paid in full. *See* FEMA-000077, FEMA-000091 and FEMA-000092. No contents coverage was purchased by Plaintiff, and nothing was paid for any loss of contents. Plaintiff did

2

not submit an Increased Cost of Compliance claim, and no compensation was provided under that provision of the SFIP.

Plaintiff requested review of his claim by the Hurricane Isabel Task Force, and on June 21, 2004, the Task Force completed its review. *See* FEMA-000059. Plaintiff was informed that he was not eligible for any additional compensation, and agreed with the conclusion. *Id.*

## II. Waiver Claim and Denial

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Order of December 4, 2007, Doc. No. 196 and Doc. No. 197. On February 25, 2008, Plaintiff filed a document entitled "Plaintiff Robert Thomsen's Individual Application for Waiver of Proof of Loss Requirements". Plaintiff claimed a building coverage "shortfall" of $40,942.23 and a contents coverage "shortfall" of $20,000.00 for a combined total of $60,942.23.

FEMA denied the request for a waiver of the proof of loss requirements in a letter dated August 18, 2008. See FEMA-000056 and 000057.

## III. Reasons for Waiver Denial

The reasons for the denial of the Waiver Claim are found at ¶¶12-18 of the Supplemental Declaration of Karen Christian for the Claim of Robert Thomsen. It states:

> Plaintiff's damages were confined to the basement of the building, and Article III, Coverage A(8) of Plaintiff's SFIP provides only very limited coverages for basements. Most of the

alleged shortfall Plaintiff seeks compensation for were related to waterproofing the basement, which is not covered by the SFIP. This was thoroughly explained to Plaintiff. *See* FEMA-000071 and FEMA-000073 and FEMA-000074.

Furthermore, it appears the estimates from Basement Doctor, Stop Leak, and Foundation Restoration Specialists all included duplicative waterproofing work.

Finally, Plaintiff submitted an engineer's report stating the foundation was damaged due to settlement and the flood caused the drainage pattern to change. *See* FEMA-000010 and FEMA-000011. The Engineer recommended anchoring the brick veneer and waterproofing. *Id.* Section V (Exclusions) paragraph C(1) through (6) of the SFIP excludes damages caused by earth movement. The Engineer Report does not make any of Plaintiffs' claimed shortfall compensable.

When reviewing Plaintiffs' waiver application, the Administrator evaluated the facts and circumstances relating to the request. *See* FEMA-000056 and FEMA-000057. Specific to this case, the Administrator considered the following whether:

> 1. Policy holder demonstrated additional damages exist that are covered by the SFIP;
>
> 2. Policy holder submitted appropriate document-tation supporting the additional compensation being requested; and
>
> 3. Policy holder provided a reasonable explanation for the delay in submitting the POL.

*Id.*

In the letter providing FEMA's determination on Plaintiff's waiver application, the Administrator stated the following:

> . . . you claim your damages necessitated waterproofing as a result of the flooding. To support the amount claimed, you provided an estimate for water-proofing the foundation and basement area. Your claim was originally reviewed by an independent adjuster and subsequently

4

> reviewed by the Hurricane Isabel Task Force. All reviews of your claim concluded your estimate did not indicate repairs caused by a flood event.
>
> This incurred expense was previously denied during the original handling of your claim and again by the Hurricane Isabel Task Force. No new information has been submitted that would support a supplemental payment.
>
> Further, your waiver request resulted in a comprehensive review of your claim by a FEMA Insurance Examiner. After further review, the Insurance Examiner found no basis to set aside the original findings.
>
> Accordingly, your request for a waiver of the time period within which to file a POL is denied.

*Id.*

FEMA did not grant Plaintiff a waiver for any claimed shortfall because (1) Plaintiff did not maintain contents coverage so no compensation could be paid for damaged contents; (2) the damages were confined to the basement, and there is very limited coverage afforded for items in a basement per SFIP Section III, Coverage A, Section (A)(8); (3) Plaintiff failed to demonstrate the claimed shortfall items were covered under his SFIP; and (4) Plaintiff's Engineer's Report stated the foundation was damaged due to settlement and the flood caused the drainage pattern to change. The SFIP excludes coverage for damages caused by earth movement per SFIP Section V, subpart C.

Accordingly, after another comprehensive review of the claim, FEMA determined Plaintiff was not entitled to a waiver because he failed to demonstrate any uncompensated damages covered under his SFIP remained.

5

## IV. Plaintiffs' Assertions

Plaintiffs now agree that they did not have contents coverage and have withdrawn that claim. Plaintiffs' Opposition (Document 735) at page 15. They also withdraw their claim for water proofing which they concede is not covered. Id.

Plaintiffs continue to assert that the expense relating to 4" block and brick installed as well as the installation of a sump pump, water heater and furnace which they believe are covered by the SFIP. Id at pages 15 to 16. They thus assert that they should have been paid an additional $11,598.87.

## V. Special Master's Analysis[1]

FEMA's Reply (Document 736) at pages 8 to 11 explains that Plaintiffs were paid the appropriate compensation for their two sump pumps, a water heater and the furnace along with compensation for blocking and shoring up of a wall in the basement. FEMA also explains that Plaintiffs were compensated for cleaning expenses and repairing cracks in the basement walls in line with the limited coverage of the SFIP. FEMA does disagree

---

[1] In their Oppositions at Document No. 735 at Pages 3 to 8, Group Seven Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

that certain expenses claimed such as the Excel Masonary Company, Inc. were compensable since FEMA views it as water proofing , a non-covered item. As FEMA explains this is not covered under Coverage A of the SFIP. It potentially could be covered under the ICC coverage under Coverage D but Plaintiffs had failed to satisfy the requirements for an ICC claim.

FEMA conducted a thorough review of the claim here as is demonstrated in the Supplemental Declaration of Karen Christian which is cited and quoted above in Part III.

After a review of the matter and the record in this case, the Special Master cannot conclude that the way FEMA handled the remaining claims here were either an abuse of discretion or capricious and arbitrary. At best there was a disagreement as to what should be covered under Coverage A and FEMA's position given the facts and evidence presented does not appear to be in error.

VI.     **Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.

| November 27, 2011 | /S/ |
|---|---|
| Date | Dennis M. Sweeney |
| | Special Master |