# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Southern Division

| | |
|---|---|
| **THOMAS L. MOFFETT, II, ET AL.** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> **COMPUTER SCIENCES CORPORATION,** ) <br> **ET AL.** ) <br> ) <br> **Defendants.** ) <br> _____) | Civil Action No. <br> 8:05-CV-01547 |

## REPORT AND RECOMMENDATION CONCERNING
## <u>WAIVER CLAIM OF EDWARD AND TAMMY SCHWARTZ</u>

This constitutes the Report and Recommendation to the Court concerning the waiver claim of Edward and Tammy Schwartz pursuant to Part 1.f of the Memorandum Order of the Court (Document 467). In preparing this report, the Special Master reviewed the motions, memoranda, affidavits and exhibits provided in connection with the process specified in the Memorandum Order. As necessary, the Special Master also reviewed other documents that are part of the Court filings in this case. The Special Master was also provided by the Federal Emergency Management Agency ("FEMA") the computer disc of the "appropriate documents of record" for this claim, as specified in Part 1.a of the Memorandum Order. In this case, the documents consist of 465 pages labeled FEMA-000001 to 000465.

I.   **Background**

Plaintiffs' property located at 3519 Glenwood Road[1] in Pasadena, Maryland, was insured under a Standard Flood Insurance Program ("SFIP") issued by FEMA as Policy Number 3000272814 with a coverage limit of $200,000.00 for their building and $50,000.00 for their contents, each subject to a $500.00 deductible. *Id.* at ¶¶50 through 52.

On September 19, 2003, Hurricane Isabel struck the Middle Atlantic States, including Maryland, which caused flooding resulting in damage to Plaintiffs' home.

Plaintiffs submitted Proofs of Loss Proofs of Loss for $117,674.54 and $17,416.04. *Id.* at ¶¶ 54 through 58. FEMA paid Plaintiffs in full on their timely submitted Proofs of Loss. Id.

Plaintiffs did not submit any other timely Proof of Loss. *Id.* at ¶59.

II.  **Waiver Claim and Denial**

On December 3, 2007, this Court permitted Plaintiffs to submit applications for waivers to FEMA. *See* Order of December 4, 2007, Doc. No. 196 and Doc. No. 197. On February 25, 2008, Plaintiffs submitted to FEMA a document entitled "PLAINTIFFS EDWARD AND TAMMY SCHWARTZ'S INDIVIDUAL APPLICATION FOR WAIVER OF PROOF OF LOSS REQUIREMENTS." The waiver application requested that FEMA compensate Plaintiffs an additional $71,655.29. *See* FEMA-000005.

---

[1] Plaintiffs also reference 1071 Locust Drive as the damaged property, but it appears they also identify the property as 3519 Glenwood Road as the damaged property. The record identifies 3519 Glenwood Road as the proper insured property.

> Plaintiffs' waiver application provided:
>
>> Applicants were paid $93,710.71 in benefits for damages to the structure located at 1071 Locust Drive, Pasadena, MD and incurred a deductible of $500.00. They were further paid in full for their contents loss. Applicants built a larger new construction and calculations were made to determine costs of rebuilding a home to the former square footage. To rebuild the same size structure, Applicants would have spent $165,876.00. Applicant's shortfall is $71,665.029.
>
> *See* FEMA-00005.

Plaintiffs provided a shortfall itemization and documents related to the Gagnon claim[ another claim that was before the Court]. *See* Doc. No. 257-4 or FEMA-000041 through FEMA-000053. Nevertheless, Plaintiffs' waiver application clearly states "calculations have been made to determine the price per square foot that would have been needed to build a home of the same size." *See* FEMA-000005. FEMA denied the request for a waiver of the proof of loss requirements in an undated letter. *See* FEMA-000134 to 000135.

**III.   Reasons for Waiver Denial**

The reasons for the denial of the Waiver Claim are found at ¶¶47-50 of the Supplemental Declaration of Karen Christian for the Claims of Dorothea Reilly, James and Barbara Richmond, John and Frances Schmidt, Edward and Tammy Schwartz, and Gerardo and Debra Simon. It states:

> Plaintiffs' method of calculating their damages by taking the square footage of their original structure and multiplying it by the cost per square foot of their new upgraded structures fails to account for the SFIP's coverage limits and exclusions. Plaintiffs' "Shortfall Itemization" lists do not actually include any detailed itemization that could be used for a meaningful comparison to the adjusters' estimates.

3

Plaintiffs presented no evidence challenging the repair estimates provided by their insurers. The SFIP only covers direct physical loss caused by or from flooding. Plaintiffs' supplemental claims are based on the square footage cost of a new upgraded dwelling without regard to the actual physical loss caused by or from the flooding. In addition to only insuring against physical loss by or from flooding, the SFIP excludes coverage for upgrades and requires the use of material that is of like kind and quality, which Plaintiffs' formula based claims disregard. *See* General Declaration of Karen Christian, Exhibit A at ¶¶ 16 and 17, Doc. No. 474-1. Finally, the SFIP has a policy limit of $30,000.00 for Increased Cost of Compliance expenses and Plaintiffs' formula based claims make it impossible to separate out those expenses.

**Plaintiffs failed to demonstrate they met any of the criteria used to determine whether to grant a waiver.** They failed to demonstrate any additional damages they sought were actually covered by their SFIP. They all based their supplemental claims on a formula that took the cost per square foot of a substantially improved home to calculate their loss that did not take into account the coverages and exclusions found within their SFIPs.

Accordingly, each of the aforementioned Plaintiffs' claims received a comprehensive review as a result of their waiver application. FEMA determined none of these Plaintiffs were entitled to additional compensation. Plaintiffs' waiver applications were denied for a multitude of reasons, but primarily because they all failed to document any physical loss by or from flood covered under their SFIPs for which they did not receive full compensation for.

IV. **Plaintiffs' Assertions**

Plaintiffs in their Opposition (Document 735) at pages 12 to 14 set out their contentions as to why summary judgment should not be granted to FEMA and why they should receive summary judgment in their favor. They note that Baltimore County government twice found that the house

4

sustained substantial damage and was in excess of fifty percent of the assessed value of the property. Id at page 13. According to Plaintiffs they chose to demolish and rebuild their home because that option "made better financial, structural, non-dangerous and hygienic sense." Id.

Plaintiffs concede that various errors were made in the shortfall itemization, but believe they have corrected the record in the attachments submitted with their Opposition memorandum as Attachment A. They ask that summary judgment should be granted to them in the full shortfall amount of $71,665.29.

V.   **Special Master's Analysis**[2]

In its Reply (Document 736) at page 4, FEMA states that these Plaintiffs relied on a cost per square foot formula as the basis for their waiver application. FEMA notes that "[t]he simplistic formula approach has been repeatedly rejected by the Special Master and this Court." Reply at page 4. FEMA is correct. The approach taken by these Plaintiffs has been firmly and completely rejected as has been explained in detail by both the Special Master and the Court's earlier memoranda. The Special Master

---

[2] In their Oppositions at Document No. 735 at Pages 3 to 8, Group Seven Plaintiffs have raised what they term to be twenty-four "common issues" that the Court has previously considered or resolved in consideration of prior groups. To the extent that these issues are not further cited in the individual Plaintiffs' discussion of their particular cases, the Special Master will not specifically address these issues in this Report and Recommendation, but will incorporate and rely on the Court's prior rulings on these issues (see Documents 594, 596, 597 and 679) and the previously-filed Memorandum on Role of the Special Master and Report and Recommendation of the Special Master on General Issues Raised by Plaintiffs and Defendants (Document 563).

does not read the Opposition as making any other argument and thus further discussion is not necessary. FEMA is entitled to summary judgment on this claim.

VI.     **Recommendation of the Special Master**

After a review and a consideration of the matter and the arguments presented by the parties, it is the recommendation of the Special Master that the Defendants' Motion for Partial Summary Judgment affirming FEMA's determination of Plaintiff's waiver application be granted; and it is further recommended that Plaintiff's Motion for Summary Judgment be denied.


  November 27 , 2011                                    /S/
     Date                                      Dennis M. Sweeney
                                                 Special Master